UNITED STATES

v.

**Technical Sergeant Emil L. HINOTE, FR 565–42–0789 4392d Civil Engineering Squadron 1st Strategic Aerospace Division (SAC).**

**ACM 21902.**

U. S. Air Force Court of Military Review.

14 Jan. 1976.

Appellate counsel for the Accused: Colonel Jerry E. Conner and Major Bruce R. Houston.

Appellate counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Edward F. Rodriguez, Jr., USAFR.

## DECISION

EARLY, Judge:

Tried by general court-martial, the accused was convicted, despite his pleas, of two specifications of carnal knowledge and one specification of incest, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 934. The approved sentence extends to forfeiture of $250.00 per month for five months, restriction to the limits of Vandenberg Air Force Base, California, for one month, and a reprimand.

This case has been forwarded for review pursuant to Articles 66 and 69, Code, supra, by the Acting The Judge Advocate General, who has directed our attention to four issues. In addition, appellate defense counsel have assigned five errors. Except as discussed below, we find the latter to be either without merit or considered in the review of the staff judge advocate and properly resolved against the accused.

The first two issues are related and will be considered together. They are:

DID THE MILITARY JUDGE ERR TO THE SUBSTANTIAL PREJUDICE OF THE ACCUSED BY PERMITTING DONNA HINOTE TO TESTIFY CONCERNING UNCHARGED SEXUAL MISCONDUCT?

IF NOT,

DID THE MILITARY JUDGE ERR TO THE SUBSTANTIAL PREJUDICE OF THE ACCUSED BY FAILING TO INSTRUCT THE COURT WITH RESPECT TO THIS EVIDENCE?

The accused was convicted under separate specifications alleging that he committed carnal knowledge and incest with his daughter, Donna, "at diverse times" beginning in June, 1973. At trial, after relating that she was born on 30 December 1957, Donna was permitted to testify, over defense objection, that she had first had sexual intercourse with her father when she was "about 10 years old." During a subsequent Article 39a session, defense counsel moved for a mistrial, stating his belief that a cautionary instruction would not cure the error in improperly admitting the uncharged misconduct evidence but would only "call the court's attention to it" again. Prior to findings, defense counsel renewed his objection to such a cautionary instruction.

■ The general rule is that evidence of uncharged misconduct is admissible only when it has substantial value as tending to prove something other than a fact to be inferred from an accused's disposition to commit acts of the kind charged or criminal acts in general, or when it is offered in proper rebuttal of matters raised by the defense. Manual for Courts-Martial, 1969 (Rev.), paragraph 138g. In this respect, evidence of similar previous acts of sexual misconduct between an accused and a complaining witness is admissible if not "too remote in time." *United States v. Marcey,* 9 U.S.C.M.A. 182, 25 C.M.R. 444 (1958), citing *Hodge v. United States,* 75 U.S.App. D.C. 332, 126 F.2d 849 (1942). As was said in *Hodge,* supra, a case involving a charge of incest:

> [A]s the mental disposition of the defendant at the time of the [sexual] act charged is relevant, evidence that at some prior time he was similarly disposed is also relevant. Evidence of prior acts between the same parties is admissible, therefore, as showing a disposition to commit the act charged, the probabilities being that the emotional predisposition or passion will continue. 126 F.2d at 849.

■ In the case before us, we believe that Donna's testimony concerning her father's previous sexual misconduct was erroneously admitted since it allegedly occurred approximately six years prior to any of the acts alleged in the instant specifications. Accordingly, it was too remote in time to have any value as tending to prove the accused's mental disposition to commit the offense charged. Cf., *United States v. Marcey,* supra; but see, *United States v. Iturralde-Aponte,* 1 M.J. 196 (1975).[1]

Furthermore, we agree with defense counsel that a cautionary or limiting instruction given on the basis that the evidence was generally admissible for some purpose would not have sufficed to cure the error. The only instruction appropriate under the circumstances would have been to the effect that the court should completely disregard the evidence in its deliberations.

Having determined that the uncharged misconduct evidence was not admissible, we must test for prejudice. *United States v. Vogel,* 18 U.S.C.M.A. 160, 39 C.M.R. 160 (1969); *United States v. Anderson,* 46 C.M.R. 1073 (A.F.C.M.R.1973); *United States v. Carrier,* 50 C.M.R. 135 (A.F.C.M.R. 1974). In so doing, we must examine the competent evidence of guilt, other than the objectionable statement, to determine whether the accused was prejudiced by the latter's admission. *United States v. Anderson,* supra. In analyzing the evidence, we note that the prosecution's evidence consisted of the testimony of both daughters of the accused who related the acts of intercourse.

In opposition, the defense offered the testimony of the accused who categorically denied having had intercourse with his daughters; testimony of the girls' brothers who disclaimed any knowledge of the acts; and considerable evidence of the good character and fine prior record of the accused. The defense also introduced evidence of bad character of both girls, including admissions of sexual intercourse with others, evidence

---

1. In *Iturralde-Aponte,* the Court of Military Appeals held that evidence of a homicide victim's demonstrated viciously aggressive behavior from age 11 through 18 was not too "remote" to be relevant on the issue of self-defense raised at trial less than three years later.

that they had not immediately complained of the illicit sexual acts; and certain inconsistencies in their pretrial and trial testimony.

[redacted] A conviction cannot be based upon the uncorroborated testimony given by the victim of an alleged sex offense if the victim's testimony is self-contradictory, uncertain, or improbable. *Manual,* supra, paragraph 153*a*; *United States v. Washington,* 2 U.S.C.M.A. 177, 7 C.M.R. 53 (1953). Here, however, corroboration was not necessary since the testimony of both girls was, in our opinion, clear and convincing. *United States v. Washington,* supra. We have examined the record as a whole, excluding the objectionable answer of Donna, and are convinced beyond any reasonable doubt that the accused did commit the acts in question. Accordingly, we hold that neither the erroneous admission of the evidence of uncharged misconduct nor the military judge's failure to give an appropriate limiting instruction prior to findings resulted in material prejudice to the accused's substantial rights.

[redacted] There remains the question of whether the court should have been given a limiting instruction prior to sentencing as to this evidence. While compelling evidence of guilt may eliminate prejudice as to findings, that fact alone does not prevent harm as to sentencing in the absence of proper limiting instructions. *United States v. Kirby,* 16 U.S.C.M.A. 517, 37 C.M.R. 137 (1967). In its sentence deliberations, a court may only consider other acts of misconduct "which were properly introduced . . . before the findings." *Manual,* supra, paragraph 76*a*(2); see also *United States v. Worley,* 19 U.S.C.M.A. 444, 42 C.M.R. 46 (1970); *United States v. Anderson,* supra. Therefore, the court should have been instructed to disregard the inadmissible evidence in its sentencing deliberations. *United States v. Worley,* supra. We will purge this error by reassessing the sentence. *United States v. Vogel; United States v. Anderson; United States v. Carrier,* all supra.

The third assigned issue is:

WAS THE STAFF JUDGE ADVOCATE'S REVIEW PREJUDICIALLY ERRONEOUS IN NAMING JEAN RATHER THAN DONNA AS THE VICTIM OF THE ALLEGED UNCHARGED PRIOR SEXUAL MISCONDUCT?

[redacted] In his post-trial review of the case, the staff judge advocate, in analyzing the defense motion for a mistrial because of the admission of the statement discussed above, commented as follows:

> The defense moved for a mistrial pursuant to MCM, 1969 (Rev.), paragraph 56e, (R. 93), after *Jean* Hinote, pursuant to questioning by the trial counsel, and over objection by the defense, stated that the first time she had sexual intercourse with her father was when she was ten years old (R. 74). The charges in this case alleged illicit sexual intercourse between the accused and *Donna* beginning on and after she was 15 years old (Specification 1, Charge I). (Emphasis added.)

As can readily be seen, the reviewer erroneously used the name "Jean Hinote" rather than "Donna" in the first sentence of his discussion of the defense motion for a mistrial. However, we perceive no prejudice stemming from this irregularity. The discussion in its entirety indicates unmistakenly that the reviewer was concerned with Donna's testimony and not Jean's.[2] Furthermore, it is unimportant in the factual circumstances of this case whether the misconduct occurred with Donna or Jean since the legal effect is the same.

The final assigned issue is:

WAS THE EVIDENCE SUFFICIENT TO SUPPORT THE ACCUSED'S CONVICTION?

Since we have already indicated, in deciding the first two assigned issues, that the accused's guilt was established beyond any reasonable doubt, our obvious answer to this question is in the affirmative.

2. In fact, Donna was correctly identified three times in the reviewer's discussion of the mistrial motion as the person who had revealed the uncharged misconduct evidence.

There remains the matter of reassessing the sentence discussed above. The maximum sentence which the court could have imposed upon the accused was a dishonorable discharge, confinement at hard labor for 30 years, forfeiture of all pay and allowances, and reduction to airman basic. The adjudged sentence consisted of forfeiture of $250.00 per month for five months, restriction to base for one month, and a reprimand. Having reassessed the sentence on the basis of the court's improper consideration of the uncharged misconduct evidence in its sentencing deliberations, as discussed above, we find the sentence adjudged to be nonetheless appropriate.

The findings of guilty and the sentence are Affirmed.

LeTARTE, Chief Judge, concurs.

FORAY, Judge, absent.