UNITED STATES

v.

**Airman Robert E. LEWIS, FR 026–40–2350 3778th Student Squadron Sheppard Technical Training Center (ATC).**

ACM 22033.

U. S. Air Force Court of Military Review.

Sentence Adjudged 4 Feb. 1976.

Decided 23 July 1976.

Appellate counsel for the Accused: Colonel Jerry E. Conner and Major Bruce R. Houston.

Appellate counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Alvin E. Schlechter.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

DECISION

EARLY, Senior Judge:

Despite his pleas, the accused was convicted of desertion terminated by apprehension, in violation of Article 85, 10 U.S.C. § 885, Uniform Code of Military Justice. The approved sentence extends to dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for one year and reduction in grade to airman basic.

Appellate defense counsel have assigned two errors for our consideration. One of these, alleging that the author of the post-trial review utilized an improper evidentiary standard in advising the convening authority, is without merit. In the other, appellate defense counsel contend:

EVIDENCE OF UNCHARGED MISCONDUCT WAS IMPROPERLY ADMITTED.

At trial, evidence was presented that on 22 November 1975, the accused was arrested by a civilian police officer in Springfield, Massachusetts, for breach of the peace. Without objection, the arresting officer testified that he had responded to a call to assist two other police officers; that he observed the accused on the back of one officer; that as he pulled the accused away,

the accused was "yelling and screaming profanities;" and that it became necessary to arrest the accused when he persisted in attempting to aid a friend who was also being arrested.

■ Appellate defense counsel argue that the specific details of the accused's arrest should not have been divulged to the court since they were not relevant to any issue before the court. We agree.

Evidence that an absentee was arrested by civilian police authorities for a violation of state law does not establish that his unauthorized absence was terminated by apprehension. As we indicated in *United States v. Patrick*, 48 C.M.R. 55 (A.F.C.M.R. 1973):

> In order to establish that an accused's alleged desertion was terminated by apprehension within the meaning of paragraph 127c, Manual for Courts-Martial, 1969 (Revised edition), it must be shown that the accused was [arrested] by civil authorities for the military service rather than for a violation of state law, or that the accused was returned to the military by the civil authorities for some reason other than by the accused's own voluntary request for such return. *United States v. Beninate*, 4 U.S.C.M.A. 98, 15 C.M.R. 98 (1954); *United States v. Nickaboine*, 3 U.S.C.M.A. 152, 11 C.M.R. 152 (1953).

In the case before us, the accused was arrested by the Springfield police for a violation of state law, but this occurrence really was not essential to the Government's proof that his desertion was terminated by apprehension. Rather, the evidence would have been more pertinent to a defense assertion that the arrest did not establish that the accused's return to military control was involuntary. What the Government was required to prove, and did prove, was that the accused's military absentee status was discovered *subsequent* to the accused's arrest and from a source other than the accused or persons acting at his request. *United States v. Montoya*, 15 U.S.C.M.A. 210, 35 C.M.R. 182 (1965).

As can readily be seen, therefore, since the evidence of uncharged misconduct had no probative value with respect to any fact in issue and was not needed to rebut any matters raised by the defense, it was improperly admitted. Manual for Courts-Martial, supra, paragraph 138g; *United States v. Anderson*, 46 C.M.R. 1073 (A.F.C. M.R.1973). Having so determined, we must test for prejudice. *United States v. Kirby*, 16 U.S.C.M.A. 517, 37 C.M.R. 137 (1967); *United States v. Back*, 13 U.S.C.M.A. 568, 33 C.M.R. 100 (1963); *United States v. Anderson*, supra; *United States v. Hinote*, 1 M.J. 776 (A.F.C.M.R.1976), and cases cited therein.

■ The applicable standard with respect to findings is whether the evidence of guilt is such that the failure to restrict evidence of uncharged misconduct may fairly be said to have weighed not at all in connection with the findings or whether there is a fair risk that the fact finders accorded weight on the merits to the matter. *United States v. Back; United States v. Kirby; United States v. Anderson*; all supra; *United States v. Vogel*, 18 U.S.C.M.A. 160, 39 C.M.R. 160 (1969). Here, the accused's guilt of the offense charged was compellingly established by competent evidence beyond a reasonable doubt, and there is no reasonable possibility that this evidence contributed to the findings of guilty. *United States v. Vogel; United States v. Back; United States v. Kirby; United States v. Hinote*; all supra.

■ However, we are faced with a different situation as to sentencing. Since the evidence was not properly introduced, it should not have been considered by the court in adjudging a sentence. Manual for Courts-Martial, supra, paragraph 76a. Even though the details of the accused's breach of the peace were not mentioned again, and the court did not impose the maximum sentence, we cannot eliminate all doubt that the court considered this evidence in their sentencing deliberations.

Such doubt must be resolved in favor of the accused. *United States v. Kirby; United States v. Vogel*; both supra. Reassessment of the sentence is required. *United States v. Beaty*, 15 U.S.C.M.A. 418, 35 C.M.R. 390 (1965); *United States v. Hinote,* supra.

Accordingly, we find that only so much of the sentence as provides for dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for nine months and reduction in grade to airman basic is appropriate.

The findings of guilty, and the sentence as modified herein, are

Affirmed.

LeTARTE, Chief Judge, and FORAY, Judge, concur.