UNITED STATES

v.

**Airman First Class William L. NEWBILL, FR 230–90–2358, 10th Field Maintenance Squadron, United States Air Forces in Europe.**

ACM S24506.

U. S. Air Force Court of Military Review.

Sentence Adjudged 18 March 1977.

Decided 20 Sept. 1977.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Captain Thomas S. Markiewicz.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Gilbert J. Regan.

Before BUEHLER, HERMAN and ORSER, Appellate Military Judges.

## DECISION

BUEHLER, Senior Judge:

Pursuant to his pleas, the accused was convicted by a special court-martial, of five offenses of forgery and one offense of un-authorized absence in violation of Articles 123 and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 923, 886. The approved sentence extends to a bad conduct discharge, confinement at hard labor for six months, forfeiture of $150.00 per month for six months and reduction to airman basic.[1]

Appellate defense counsel have assigned five errors, four of which were also alleged in the accused's request for appellate representation. We find merit only in the assignment which asserts:

THE MILITARY JUDGE ERRONEOUS-LY ADMITTED INTO EVIDENCE PROSECUTION EXHIBIT 4, AN AFM 39–12, SECTION C, DISCHARGE CASE FILE.

We agree.

The record discloses that some seven months prior to the instant trial, the accused had been convicted by a British court for possession of marijuana. Thereafter, in accordance with applicable directives,[2] an administrative board was convened to make findings and recommendations relative to the accused's fitness to remain in the Air Force. The complete record of that Board's proceedings included, in addition to the findings and recommendations,[3] the certificate of conviction by the British court; an extract from a report of the Air Force Office of Special Investigations (OSI) concerning the investigation of the British marijuana possession case; a report of the accused's medical examination; a record of counselling for failing to report for duty; two derogatory statements from supervisors concerning the accused's attitude, military bearing and courtesy; the accused's last three performance reports; and, a lengthy statement submitted by the accused in his own behalf.

At trial, over strenuous objection by defense counsel, this report of Board proceedings, was admitted into evidence as Prosecution Exhibit 4.

The Manual for Courts-Martial, 1969 (Rev.), paragraph 75d, provides, in pertinent part:

Under regulations of the Secretary concerned the trial counsel may, prior to sentencing, obtain and present to the military judge any personnel records of the accused or copies or summaries thereof. . . . Personnel records of the accused include all those records made or maintained in accordance with departmental regulations which reflect the past conduct and performance of the accused.

The Air Force has implemented this provision in Air Force Manual 111–1, Military Justice Guide, paragraph 5–13a, 2 July 1973. This Manual also provides for the introduction into evidence of material contained in the member's Unfavorable Information File (UIF). AFM 111–1, supra, at paragraph 5–13e. The UIF is maintained in accordance with Air Force Regulation 35–32, Unfavorable Information Files and Control Roster, 22 September 1975.[4]

Here, the custodian certified the Board record which was Prosecution Exhibit 4, as follows:

pension for rehabilitation. The discharge authority approved the recommendation, but before the discharge could be executed, the offenses which made up the instant charges were discovered.

---

1. On 13 July 1977 the Commander, Lowry Technical Training Center, Lowry Air Force Base, Colorado remitted the remaining confinement and forfeitures. The accused is presently on excess leave.

2. Air Force Manual 39–12, Separation for Unsuitability, Misconduct, Resignation, etc., 1 September 1966. Chapter 2, Section C provides for discharge for misconduct as evidenced by civil court conviction.

3. The Board recommended that the accused be tendered an honorable discharge without sus-

4. While AFR 35–32, states that UIF's are not part of the military personnel records *system*, we hold that a UIF is a *personnel record*. See AFM 111–1, supra, paragraph 5–13e. Hence, information extracted from a UIF would be admissible in accordance with paragraph 75d, Manual, supra.

[T]he information contained in this 39–12 Discharge Case file has been truly and accurately *extracted* and summarized *from the service member's Personnel record* and . . . this record is maintained in accordance with departmental regulations and . . . it reflects the past conduct and performance of the above named service member. (Emphasis supplied.)

█ Our research has failed to disclose any Air Force authority that would allow the inclusion in a service member's unit personnel record of an OSI report of investigation, medical examination, or any of the other documents contained in the exhibit, with the exception of the three performance reports. Further, under Air Force regulations, the UIF is the only repository made or maintained at unit level for derogatory information concerning the member's personal conduct and duty performance. However, with the exception of the record of conviction by civil authorities, and the letter of counselling for reporting late to work, none of the other documentation contained in Exhibit 4 would properly qualify for inclusion in a UIF.[5]

Appellate Government counsel contend that since Air Force Manual 39–12 requires that a record of the proceedings of the administrative discharge board be made, the requirements of paragraph 75d, Manual, supra, were satisfied. We disagree.

A record of the proceedings of an administrative discharge board, and all correspondence relating to the discharge action, is not entered into a service member's personnel record until final action resulting in a discharge is taken. See Air Force Manual 35–44, Military Personnel Records System, Attachment 1, Table A–24, item 235, 10 September 1976. If the member is retained in the service, the original of all documentation is placed in the organizational files of the convening authority. Air Force Manual 39–12, supra, at paragraph 2–34c.

█ We concede that the literal language of paragraph 75d, supra, could be construed to mean that any personnel record *made* in accordance with departmental regulations is admissible during sentencing proceedings irrespective of whether such record is maintained as a personnel record as such. But cf. *United States v. Montgomery,* 20 U.S.C. M.A. 35, 42 C.M.R. 227 (1970). However, simply because a departmental regulation requires a written record as a predicate for administrative separation, such record does not become a "personnel record" within the meaning and intent of paragraph 75d.

█ We hold, therefore, that the military judge erred in admitting Prosecution Exhibit 4, a complete record of administrative board proceedings, into evidence. Having so held, we must test for prejudice. *United States v. Montgomery,* supra; *United States v. Hinote,* 51 C.M.R. 704, 1 M.J. 776 (A.F.C.M.R.1976); *United States v. Lewis,* 1 M.J. 904 (A.F.C.M.R. 23 July 1976), pet. denied (24 September 1976) and cases cited therein.

Here the accused was properly convicted of five specifications alleging the offering of fraudulent savings withdrawal slips, each of which, in itself, constituted a serious offense, and a short absence without leave. In addition to the offenses and the attendant circumstances, the court members had before them the entire record of the administrative discharge board. As earlier noted, had the court conviction and the record of counselling been properly kept in a UIF, they would have been properly admissible. Furthermore, the performance reports could have been introduced as part of the

---

5. The military judge found that the accused did not have a UIF. During an Article 39(a), Code, supra, session, Prosecution Exhibit 5, another record of civilian conviction, was offered. This was not a part of the 39–12 Board record, apparently since it was believed that it recorded a conviction for an offense not known in United States' law (permitting the smoking of marijuana on premises occupied by the accused). The military judge properly excluded Exhibit 5, stating:

There is no basis whatsoever for the introduction of a civil criminal conviction in a court-martial unless, of course, that record has previously been made a part of the accused's UIF record in accordance with regulations, which apparently this Exhibit 5 has not been.

544

accused's personnel records. However, the court members in sentencing were not otherwise entitled to the following matters in the administrative board record: the findings and recommendations; the summary of the OSI report which indicated that the amount of marijuana seized from the accused was infinitesimal; a report of medical examination; two derogatory statements from supervisors; and, the accused's own statement in which he generally denied any culpability for the civilian offense.

 Balancing the severity of the crimes for which the accused was convicted against the improperly considered evidence, we find no reasonable possibility that the latter could have appreciably affected the court members' deliberations on sentence. *United ed States v. Hinote* and *United States v. Lewis*, both supra. However, to remove any possibility of prejudice to the accused, we will reassess the sentence. Having done so, we find appropriate only so much of the sentence as provides for a bad conduct discharge, confinement at hard labor for three months and reduction to the grade of airman basic.

The findings of guilty and the sentence, as modified, are

AFFIRMED.

HERMAN and ORSER, Judges, concur.