UNITED STATES

v.

**Sergeant Michael L. SHERWOOD, FR 465–13–5474 United States Air Force.**

**ACM 22415.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 31 July 1978.

Decided 25 Jan. 1979.

Appellate Counsel for the accused: Colonel B. Ellis Phillips and Captain Wade B. Morrison.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Lieutenant Colonel William H. Seckinger, USAFR.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

ARROWOOD, Judge:

Accused pleaded guilty to willfully destroying government property and willfully damaging an RF–4C aircraft with intent to injure, interfere with or obstruct the national defense of the United States—(18 U.S.C. § 2155)—in violation of Articles 108 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 908, 934. The approved sentence is a bad conduct discharge, confinement at hard labor for six months, forfeiture of $175.00 per month for six months and reduction to the grade of airman basic.

During the sentencing portion of the trial, the record of a counseling session with the accused was placed in evidence under the provisions of paragraph 75d, Manual for Courts-Martial, 1969 (Rev.). The record was on TAC Form 27, Record of Individual Counselling, signed by the accused and his immediate supervisor and maintained in a squadron level file.

▮ The Air Force has implemented the provisions of paragraph 75d, Manual, supra, in Air Force Manual 111–1(C–1), Military Justice Guide, paragraph 5–13, 25 August 1975, which provides for the introduction into evidence of information that has been properly entered in the accused's Unfavorable Information File (UIF). The UIF is maintained in accordance with Air Force Regulation 35–32, Unfavorable Information Files and Control Roster, 22 September 1975, and is the only repository authorized at unit level for derogatory information concerning the member's personal conduct and duty performance. *United States v. Newbill*, 4 M.J. 541 (A.F.C.M.R.1977). Simply because a squadron has the authority to maintain a record of counseling does not make any such form a "personnel record" within the meaning and intent of paragraph 75d, Manual, supra. *United States v. Newbill*, supra.

▮ In this case, it was not intended that the record of counseling be included in the UIF. The record was not processed in accordance with the regulation and was not maintained in the accused's UIF. Therefore, the military judge erred by admitting it into evidence. *United States v. Newbill*, supra. Having found error, we must test for prejudice. *United States v. Montgomery*, 20 U.S.C.M.A. 35, 42 C.M.R. 227 (1970); *United States v. Hinote*, 1 M.J. 776 (A.F.C.M.R.1976).

▮ Since in balancing the severity of the offenses committed by the accused against the improperly considered evidence, we can not find beyond any reasonable doubt that the latter could not have affected the sentence given by the military judge, we will reassess the sentence. Having done so, we find appropriate only so much of the sentence as provides for a bad conduct discharge, confinement at hard labor for six months, forfeiture of $175.00 per month for 4 months and reduction to the grade of airman basic.

The other assignments of error being without merit, the findings of guilty and the sentence, as modified are

AFFIRMED.

EARLY, Chief Judge, and HERMAN and ORSER, Judges, concur.