**UNITED STATES**

v.

**Airman First Class Philip A. LUND, II, FR 541–76–2955, United States Air Force.**

**ACM S24703.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 28 Nov. 1978.

Decided 12 July 1979.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Robert G. Gibson, Jr.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Colonel Michel Levant, USAFR.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate · Military Judges.

DECISION

EARLY, Chief Judge:

Tried by special court-martial, military judge alone, the accused was convicted, pursuant to his pleas, of two specifications of stealing money, one specification of attempted theft, and four specifications of uttering checks without sufficient funds, in violation of Articles 121, 80, and 123a, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 880, 923a. The approved sentence extends to a bad conduct discharge, confinement at hard labor for 120 days, reduction to airman basic, and to pay a fine to the United States of $250.00, with a further provision for up to 60 days additional confinement if the fine was not paid.

Appellate defense counsel assign two errors. We find merit in only one:

PROSECUTION EXHIBIT 5 WAS IMPROPERLY ADMITTED INTO EVIDENCE.

We agree.

Prosecution exhibit 5 is a letter signed by the assistant chief of Tech Services (sic) relating that the base fire chief had discovered a wall mounted battery charger in the fire station which had a burned out transformer and that it was attached to a battery belonging to the accused. It further states that the accused admitted that he had attached his battery to the charger, turned the charger on, and left the area. The letter concludes that the accused should be reprimanded and required to reimburse the Government for the cost of repairs. At trial the defense counsel objected to the receipt into evidence of this letter. In overruling his objection, the military judge stated:

It would appear from reading Air Force Regulation 35–44 that the document is admissible, but I would like to state for the record that in admitting Prosecution Exhibit 5 for Identification into evidence, that the court recognizes that these are what appear to be bare allegations and that the court will consider it, not as proof of what is alleged in here, but only as an allegation of what is cited in the letter  .  .  . .

■■■■■ We conclude that Air Force Regulation 35–44 permits the retention of the letter in the records of the unit orderly room. However, that does not mean that the letter may properly be received into evidence as a record of the prior service of the accused for sentencing purposes. See

Air Force Manual 111–1, Military Justice Guide, paragraph 5–13a, 2 July 1973; [1] Manual for Courts-Martial, 1969 (Rev.), paragraph 75d. As we held in United States v. Newbill, 4 M.J. 541, 543 (A.F.C.M. R.1977): "[S]imply because a departmental regulation requires a written record .  .  ., such record does not become a 'personnel record' within the meaning and intent of paragraph 75d."

Our examination of the letter convinces us that it was not intended to be included in the file maintained under the authority of AFR 35–32, Unfavorable Information Files and Control Roster, 22 September 1975, which "is the only repository made or maintained at unit level for derogatory information concerning the member's personal conduct and duty performance." United States v. Newbill, supra, at 543. Since the letter was not properly a part of the accused's unfavorable information file, it was error to receive it into evidence.[2] United States v. Newbill, supra; United States v. Sherwood, 6 M.J. 925 (A.F.C.M.R.1979).

Having found error, we must assess the sentence.[3] United States v. Newbill, supra; United States v. Montgomery, 20 U.S.C. M.A. 35, 42 C.M.R. 227 (1970); United States v. Hinote, 1 M.J. 776 (A.F.C.M.R. 1976); United States v. Sherwood, supra. Upon reassessment, we find appropriate only so much as provides for a bad conduct discharge, confinement at hard labor for 120 days and reduction to airman basic.[4]

The findings of guilty and the sentence, as modified are

AFFIRMED.

HERMAN, ORSER and ARROWOOD, Judges, concur.

1. Although not material to our disposition of this case, it is noted that paragraph 5–13, AFM 111–1, has been changed to effectively preclude errors of the sort encountered here. See HQ USAF/JAJM Message, Change IMC 79–1 to AFM 111–1, 050524Z March 1979.

2. We are unable to fathom the reasoning of the military judge in accepting the letter for the allegations contained therein but not for the proof of the matters alleged. Obviously the fact that unsubstantiated allegations had been made about an accused is not a matter properly

considered in arriving at a proper sentence in a given case.

3. See footnote 2, supra.

4. Complicating our reassessment here is the fact that the accused argued for the imposition of a bad conduct discharge and that the sentence to hard labor has already been served. However, in balancing the possibility of harm against the accused's poor record of service, we seriously doubt the letter could have had a very significant effect on the sentence imposed.