### UNITED STATES

v.

**Airman First Class James R. DODDS, Jr., FR 263–57–4910 United States Air Force.**

**ACM 22833.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 14 May 1980.

Decided 31 March 1981.

Appellate Counsel for the Accused: Colonel Larry G. Stephens, Colonel George R. Stevens and Captain Douglas H. Kohrt.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Michael J. Hoover.

Before EARLY, KASTL and MILLER, Appellate Military Judges.

### DECISION

KASTL, Judge:

Upon his pleas, the accused was found guilty by a general court-martial with members of five specifications of marijuana use and possession, violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. His sentence, as modified by the convening authority, extends to a bad conduct discharge, confinement at hard labor for one year, forfeiture of all pay and allowances, and reduction to airman basic.

During the trial, the military judge, over defense objection, admitted a letter of reprimand administered to the accused for a speeding ticket; that reprimand cited 11 "problem areas" of prior misconduct of various kinds; they were held by the accused's direct supervisors but not documented in his Unfavorable Information File maintained by the local Consolidated Base Personnel Office (CBPO).

The Manual for Courts-Martial, 1969 (Rev.) paragraph 75d, as implemented by AFM 111–1, Military Justice Guide, 2 July 1973, paragraph 5–13 and Change 4, 13 May 1980 permits the admission into evidence, prior to sentencing, of only those personnel records of an accused maintained by the CBPO in accordance with Air Force regulations.[1] Records of counselling maintained outside the CBPO by direct supervisors are

---

1. The governing directive is AFR 35–32, Unfavorable Information Files (UIFs), Control Rosters, Administrative Reprimands and Admonitions, 22 September 1975; it provides that certain items should not be placed within the UIF system of personnel records. For example, items should not be entered if they are: (1) trivial (Paragraph 2, AFR 35–2); (2) stale—that is, if they occurred more than one year before their proposed entry in the UIF (Note 2, Paragraph 5, AFM 35–32); or (3) if the commander has once elected to place the material elsewhere rather than in the UIF (Paragraph 23(c)(2), AFR 35–32).

not "personnel records" within the meaning and intent of paragraph 75d, MCM, *supra*, as implemented; thus, they are inadmissible. *United States v. Terrell*, 8 M.J. 705 (A.F.C.M.R.1980); *United States v. Lund*, 7 M.J. 903 (A.F.C.M.R.1979); *United States v. Sherwood*, 6 M.J. 925 (A.F.C.M.R.1979).

 Here, a letter of reprimand, clearly admissible by itself, incorporated supervisory material from outside the CBPO. On this record as a whole, we find the probative value of such supervisory-level data outweighed by its prejudicial impact; accordingly, we hold that the military judge abused his discretion in admitting the basic reprimand without first deleting reference to the incidents not recorded in the unfavorable information file.

■ The fact that a matter is properly entered into the accused's personnel records at the CBPO does not necessarily mean that the entry is also admissible in a court-martial.[2] The military judge should exercise sound discretion in electing whether or not to admit such material.[3]

■ We have considered the second assignment of error and resolve it adversely to the accused. Since evidence was introduced which showed the offense was facilitated by the accused's duty status and that he abused such status in committing the offense, the trial counsel properly argued such status as an aggravating factor. *See United States v. Collins*, 3 M.J. 518 (A.F.C. M.R.1977).

Reassessing the sentence on the basis of the first assignment of error, we find appropriate only so much of the sentence as extends to a bad conduct discharge, confinement at hard labor for nine months, forfeiture of $199.00 per month for nine months, and reduction to the grade of airman basic.

2. *United States v. Cruzado-Rodriguez*, 9 M.J. 908 (A.F.C.M.R.1980).

3. For example, matters may, on balance, seem too remote to be probative; appear to have been "manufactured," after the accuser had knowledge of the offenses charged, by those zealous to portray the accused as unfit; or be

The findings of guilty and the sentence, as modified, are

AFFIRMED.

EARLY, Chief Judge and MILLER, Judge, concur.

so insignificant as to suggest that the accused is not receiving evenhanded treatment.

It is significant that ten of the 11 "problem areas" cited in the instant letter of reprimand occurred within a time when the accused's reporting and indorsing officials on his airman performance report rated him overall in the highest block.