**UNITED STATES**

v.

**Airman Basic Stephen A. BERTALAN, Jr., FR 194–56–6877, United States Air Force.**

**ACM S26155.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 13 July 1983.

Decided 19 Jan. 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi, Captain John V. Sullivan, and Lieutenant Colonel William H. Forman, Jr., USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert.

Before HODGSON, FORAY and MILLER, Appellate Military Judges.

## DECISION

MILLER, Judge:

Tried before a special court-martial, military judge sitting alone, the accused was convicted pursuant to his pleas of stealing one-thousand dollars ($1,000.00) worth of stereo equipment, wrongfully appropriating a vehicle, and wrongfully and knowingly using Schedule IV and Schedule V controlled substances in violation of U.C.M.J., Articles 121 and 134, 10 U.S.C. §§ 921 and 934. His approved sentence extends to a bad conduct discharge, confinement at hard labor for five (5) months, and forfeiture of three-hundred dollars ($300.00) per month for five (5) months.

Following findings, the military judge, acting pursuant to M.C.M., 1969 (Rev.), paragraph 75*b*(2) as implemented by Air Force Manual 111–1, Military Justice Guide (Change 4), 13 May 1980, paragraph 5–13, provided the Government with an opportunity to introduce evidence properly recorded and maintained either (1) in the accused's unfavorable information file (UIF), field record group (FRGp) file, master personnel records group (MPerRGp) file, or his commander/supervisor assigned personnel file, as a record of Article 15 punishment imposed not more than two years prior to the date he committed the earliest offense of which he was convicted or (2) in his UIF or FRGp file as a record of disciplinary

action imposed other than pursuant to Article 15.[1]

After offering several copies of documents from the accused's UIF that bore proper authentications indicating that they had been accurately copied from documentation currently contained in that file, Government counsel offered two Article 15 punishment indorsement pages that he purportedly had obtained locally from that portion of the military personnel records system that is maintained by Central Base Personnel Offices (CBPOs); to wit: the accused's FRGp file. Both punishment indorsement pages were addressed to the accused, and both bore the accused's signature, acknowledging his receipt of them. One of the two was signed by the accused's commander. Neither indorsement stated the nature of any violations for which the punishment had been imposed. Most importantly, however, neither indorsement bore any indication that it was obtained from one of those specific personnel files that might[2] have rendered it admissible pursuant to M.C.M., paragraph 75b(2).

Trial defense counsel immediately objected to the admission of both these papers on the ground that neither was included either in the accused's UIF or in any file maintained on the accused within the military personnel records system (absent admission of these punishment indorsements as an aid to sentence determination under M.C.M., paragraphs 75a(1) and 75b(2), they were inadmissible pursuant to Mil.R.Evid. 404(b)).

In response to this objection, Government counsel indicated that he had with him in the court room, complete copies of the Article 15 records to which the punishment indorsements pertained which he had personally obtained from records maintained in his own office (records maintained as a part of the Air Force's court-martial and Article 15 record system[3]).

1. When, on 13 July 1983, this case was tried, Air Force Manual 111-1, Military Justice Guide (Change 4), 13 May 1980, paragraph 5–13 restricted those Air Force personnel records admissible under M.C.M., paragraph 75b(2) to "records of punishment under Article 15, U.C. M.J., ... maintained in any part of the military personnel records system or in an unfavorable information file (UIF)," and to "those records maintained by the CBPO [Central Base Personnel Office]." At that time, the only repositories within the military personnel records system for Article 15 records regarding an enlisted E–1 such as the accused, were his Field Record Group (FRGp) file (*see* A.F.R. 35–44, Military Personnel Records System, 9 December 1982, at paragraphs 1–4a(2), 2–1, 2–3, and 2–5, and attachment 1, Documents and Forms List, item 224, columns A, B, and E, 9 December 1982), his MPerRGp file (*see id.* at paragraphs 1–6, 1–6b, and 2–5, and attachment 1, Documents and Forms List, item 224, columns A, D, and E), and any assigned personnel information file that either his commander or supervisor may have maintained on him (*see id.* at paragraphs 4–1, 4–2, 4–3 and 4–4). The only repositories of records maintained by a CBPO on an individual airman were his unfavorable information file (UIF) (*see* A.F.R. 35–32, Unfavorable Information Files (UIF), Control Rosters, Letters of Reprimand and Admonitions, 12 February 1982) and his FRGp file.

2. Although records of disciplinary action must be maintained within an accused's UIF or some portion of the military personnel records system to be admitted into evidence under M.C.M., paragraph 75b(2), records so maintained are not necessarily admissible. *See United States v. Boles,* 11 M.J. 195 (C.M.A.1981); *United States v. Collins,* 17 M.J. 901 (A.F.C.M.R.1983); *United States v. Hagy,* 12 M.J. 739 (A.F.C.M.R.1981); *United States v. Cottle,* 11 M.J. 572 (A.F.C.M.R. 1981); *United States v. Dodds,* 11 M.J. 520 (A.F. C.M.R.1981); *United States v. Cruzado-Rodriguez,* 9 M.J. 908 (A.F.C.M.R.1980); *United States v. Lund,* 7 M.J. 903 (A.F.C.M.R.1979); *United States v. Menchaca,* 47 C.M.R. 709 (A.F.C.M.R. 1973); *United States v. Chambers,* 46 C.M.R. 563 (A.F.C.M.R.1972). Any consideration of whether the bare punishment indorsement of an Article 15 properly maintained in an accused's FRGp file pursuant to A.F.R. 35–44 (Change 2), Attachment 1, Documents and Forms List, Item 224, Columns B and E, 9 December 1982, is admissible under M.C.M., paragraph 75b(2), must take into account some sort of balancing test that would weigh the benefit to be derived in terms of those sentencing purposes enunciated by M.C.M., paragraph 75a(1), against the perhaps prejudicial effect that would probably be created by a trial court's speculation as to the nature of offenses that had resulted in the particular punishment reflected in such a punishment indorsement.

3. Records maintained within the Air Force's courts-martial and Article 15 records system do not qualify for admission in Air Force courts-martial, under M.C.M., paragraph 75b(2). *See* note 1, *supra. See also United States v. Mercier,* 5 M.J. 866 (A.F.C.M.R.1978).

Without further inquiry and absent any request from the accused, the military judge instructed Government counsel to attach the referenced complete records of Article 15 punishment to the respective punishment indorsements. Summarily citing Mil.R.Evid. 106,[4] he then admitted both punishment indorsements, including their attachments, into evidence.

This admission constituted error.

 Absent waiver, including waiver by absence of objection, any sentencing evidence that the government proffers at an Air Force court-martial as "personal data and character of prior service of the accused," pursuant to M.C.M., paragraphs 75b(1) and 75$b$(2), must be authenticated as an extract from files maintained on the accused either in his UIF, his FRGp file, his MPerRGp, or his commander/supervisor assigned personnel information file, by an official custodian of the particular records group from which it is obtained. *United States v. Loman*, 6 M.J. 664 (A.F. C.M.R.1978); *United States v. Mercier*, 5 M.J. 866 (A.F.C.M.R.1978); *United States v. Hammond*, 43 C.M.R. 994 (A.F.C.M.R. 1971); *United States v. Anderson*, 43 C.M.R. 960 (A.F.C.M.R.1971). *See also* the pre-M.C.M., paragraph 75 cases of *United States v. Saenz De Vieteri*, 39 C.M.R. 960 (A.F.C.M.R.1968); *United States v. Pernell*, 30 C.M.R. 766 (A.F.C.M.R.1960).

Here, although Government counsel purported the extracted punishment indorsements came from a file meeting the criteria of personnel records admissible under M.C.M., paragraph 75$b$(2), as implemented by A.F.M. 111-1 (Change 4), paragraph 5–13, neither punishment indorsement bore the required authentication. The records of Article 15 action attached to the punishment indorsements did not come from a

4. M.C.M., paragraph 75$b$(1), provides that if a record, introduced under its provisions, is objected to as "incomplete in a specific respect," then the matter shall be determined by the military judge Mil.R.Evid. 106, provides that "when a writing ... is introduced by a party, an adverse party may require that party at that time to introduce any other part ... which

file, the contents of which is admissible under these same paragraphs.

Based upon our conclusion that these two Article 15 punishment indorsements and their attachments were erroneously admitted into sentencing evidence, we have reassessed the sentence initially imposed against the accused. Having done so, we find it, nonetheless, appropriate. Accordingly, the findings of guilty and the sentence as approved below are

AFFIRMED.

HODGSON, Chief Judge, and FORAY, Senior Judge, concur.

ought in fairness to be considered contemporaneously with it." Here, no issue regarding the completeness of these punishment indorsements was raised by either the accused or his counsel. Accordingly, the military judge's order to attach these otherwise inadmissible Article 15 actions to the punishment indorsements was improper.