UNITED STATES, Appellee,

v.

Private First Class Emanuel C. SHEARS, 238–15–9996, United States Army, Appellant.

ACMR 8800194.

U.S. Army Court of Military Review.

22 Sept. 1988.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain Brian D. DiGiacomo, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC (on brief).

Before FELDER, GILLEY, and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Pursuant to his pleas, appellant was found guilty at a special court-martial of three specifications of absence without leave (AWOL), escape from custody and from confinement, and wrongful use of marijuana, in violation of Articles 86, 95, and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 895, and 912a (1984), respectively. The convening authority approved the sentence of a bad-conduct discharge, confinement for six months, forfeiture of $446.00 pay per month for six months, and reduction to Private E1, but pursuant to a pretrial agreement, suspended confinement in excess of ninety days. In affirming this sentence, we find that the military judge did not err in admitting three copies of records of nonjudicial punishment from files maintained at his unit, referred to in this case as the "SMIF" files.

In addition, we will consolidate two multiplicious specifications.

■ The appellant, through counsel and personally, asserts that three records of nonjudicial punishment (Copy 1 in each instance) were improperly admitted into evidence because they were not properly filed or authenticated. We disagree. The battery commanders imposing the nonjudicial punishments had directed that these records be filed on the restricted fiche of appellant's Official Military Personnel File. Army Regulation 27–10, Legal Services— Military Justice, para. 3–37(c)(2) (1 July 1984) (C4, 10 July 1987), provides that copy 1 of records so designated will be filed in the "unit personnel files" for two years and destroyed then or upon earlier transfer of the soldier. Army Regulation 27–10 does not define "unit personnel files," but this term is generic for those records a unit may be expected to keep for ready reference, such as the recent history of its members for minor disciplinary problems. The similar terms, "individual military personnel records" and "personnel records" simply mean "a collection of documents maintained as a single entity that pertains to the military career of a particular soldier." AR 640–10, Personnel Records and Identification of Individuals—Individual Military Personnel Records, Glossary (1 July 1984).

■ These records of nonjudicial punishment were filed properly. The battalion commander had directed that records of nonjudicial punishment be filed at his battalion's batteries in a set of documents described at trial as "SMIF" and commonly meaning "service member information file." "SMIF" files are not expressly authorized or described by Army regulations. See United States v. Levite, 25 M.J. 334, 336 n. 3 (C.M.A.1987). However, commanders receive helpful information from such collections of documents, their nature and purpose fitting the description of "unit personnel files" in AR 27–10, or as the Air Force phrases it, "commander/supervisor assigned personnel information files." United States v. Bertalan, 18 M.J. 501, 503 (A.F.C.M.R.1984). Hence, we conclude that collections of documents, such as SMIFs, can be the source of presentencing information if they are properly maintained and, of course, authenticated.

■ Moreover, the battalion commander could, as he did here, designate separate locations for identifiable parts of his unit personnel files. His adjutant oversaw the files at the designated unit areas. Though other cases may find the requirement for proper maintenance or authentication unmet, the records of nonjudicial punishment maintained in this battery were part of the "unit personnel files" even though kept separate from other documents in the collection. In sum, these Copy 1's of the records of nonjudicial punishment were properly maintained in accordance with the governing regulation, that is, in the unit personnel files.

■ In addition, the records are sufficiently authenticated. The battalion adjutant testified that he was custodian of these files, as he was for all others in the battalion, and inspected the SMIF for proper maintenance. See Manual for Courts-Martial, United States, 1984, Mil.R.Evid. 901(a). Further, he certified that these were true copies of records from those files. Mil.R.Evid. 902(4a). This testimony and certification sufficed to authenticate the records. Additionally, in the absence of contrary evidence, the military judge correctly determined that the presumption of regularity was not overcome; these records were what they purported to be.

■ The appellant also contends that the specification alleging absence without leave from 1430 hours, 24 October 1987 until 2130 hours, 25 October 1987 is multiplicious for findings with the specification alleging escape from custody on or about 24 October 1987. We agree. See generally United States v. DiBello, 17 M.J. 77 (C.M.A.1983) (multiplicity found when length of AWOL so short that punishment for a breach of restriction at the inception of the AWOL equals that for the AWOL). We will not apply waiver here because the specification alleging AWOL is fairly embraced in the specification alleging escape

from custody. *Cf. United States v. Jones,* 23 M.J. 301, 303 (C.M.A.1987). Additionally, the appellant was charged with another AWOL, from 1500 hours, 15 October 1987 until he was apprehended on or about 1145 hours, 24 October 1987, fewer than three hours before the next alleged AWOL began. From this precise charging and our review of the record required by Article 66, UCMJ, 10 U.S.C. § 866, we readily know that the escape from custody began the AWOL in question. Accordingly, we will consolidate those specifications.

In our opinion, the court would have adjudged the same sentence if the multiplicity of specifications had not occurred, and that sentence is appropriate. *See United States v. Sales,* 22 M.J. 305, 307 (C.M.A.1986).

Specification 2 of Charge I and Specification 1 of Charge II are consolidated as Specification 1 of Charge II to read as follows:

> Specification 1: In that Private First Class Emanuel C. Shears, U.S. Army, Battery B, 1st Battalion, 84th Field Artillery, Fort Lewis, Washington, did, at Fort Lewis, Washington, on or about 1430 hours, 24 October 1987, escape from the custody of First Lieutenant Edward C. Hannas and Staff Sergeant Randall A. Schatz, persons authorized to apprehend the accused, and, without authority, thereby absent himself from his unit, and remain so absent until on or about 2130 hours, 25 October 1987.

The court affirms the finding of guilty of Specification 1 of Charge II as so consolidated. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the court affirms the sentence.

Senior Judge FELDER and Judge GIUNTINI concur.