UNITED STATES, Appellee,

v.

Private E2 Kenneth B. JUAREZ, 546–45–7799, United States Army, Appellant.

ACMR 9201999.

U.S. Army Court of Military Review.

28 June 1993.

For Appellant: Major Robin L. Hall, JAGC, Captain Lawrence W. Andrea, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major Timothy W. Lucas, JAGC, Captain David G. Tobin, JAGC (on brief).

Before CREAN, WERNER and GONZALES, Appellate Military Judges.

OPINION OF THE COURT

GONZALES, Judge:

Pursuant to his pleas, the appellant was found guilty by a military judge at a general court-martial of two specifications of violation of a lawful general regulation, operating a vehicle while drunk, operating a vehicle recklessly, involuntary manslaughter, and aggravated assault in violation of Articles 92, 111, 119, and 128, Uniform Code of Military Justice, 10 U.S.C. 892, 911, 919, and 928 (1988) [hereinafter UCMJ]. The appellant was sentenced by a panel composed of officer and enlisted members to a bad-conduct discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to Private E1. In compliance with the terms of a pretrial agreement, the convening authority reduced the term of confinement to three

years, but otherwise approved the adjudged sentence.

Before this Court, the appellant asserts that the two specifications of operating a vehicle while drunk and recklessly, respectively, are multiplicious for findings with the charge of aggravated assault.[1] We agree.

Specification 1 of Charge II alleges that the appellant operated a vehicle while drunk and struck and injured Ms. K. Specification 2 of Charge II alleges that at the same time and place the appellant operated the same vehicle recklessly and struck and injured the same Ms. K. The Specification of Charge III alleges that at the same time and place the appellant assaulted the same Ms. K with the same vehicle. Prior to entering pleas, the appellant's trial defense counsel moved that the two specifications of Charge II be considered multiplicious for sentencing purposes with Charge III. The military judge agreed and granted the motion. However, the trial defense counsel made no motion to dismiss on multiplicity for findings purposes.

■ Failure to move to dismiss a specification for multiplicity before the court-martial is adjourned results in waiver. Rule for Courts–Martial 905(e) and 907(b)(3)(B). *United States v. McMillian,* 33 M.J. 257 (C.M.A.1991). However, where the charges are multiplicious on their face, thus constituting plain error, or where one charge is fairly embraced within another, the issue is preserved on appeal despite the lack of objection at trial. *United States v. Herd,* 29 M.J. 702, 708 (A.C.M.R.1989) (cit-

ing *United States v. Smith,* 27 M.J. 914, 917 (A.C.M.R.1989), citing *United States v. Holt,* 16 M.J. 393 (C.M.A.1983); *United States v. Shears,* 27 M.J. 509 (A.C.M.R. 1988); *United States v. Conforti,* 26 M.J. 852 (A.C.M.R.1988), *pet. denied,* 28 M.J. 363 (C.M.A.1989)).

■ Two charges are multiplicious for purposes of findings if either (a) one of the charges necessarily included all the elements of the other, or (b) the allegations under one of the charges, as drafted, "fairly embraced" all the elements of the other. *United States v. Holt,* 16 M.J. 393 (C.M.A. 1983); *United States v. Baker,* 14 M.J. 361, 368 (C.M.A.1983). If neither of these standards is met, then the charges are separate for findings purposes. *United States v. Doss,* 15 M.J. 409 (C.M.A.1983).

■ In testing for multiplicity, we need not go beyond the language of the specifications on which the case is tried. *United States v. Holt,* 16 M.J. at 394. We find that the appellant's identical conduct—his driving the same vehicle at the same time and place causing the same bodily harm to the same victim—was alleged as the basis for the aggravated assault in Charge III and its Specification and as the basis for the drunk and reckless driving in Charge II and its specifications. Review of the providence inquiry and the stipulation of fact confirm this fact. We also find that the language of the aggravated assault specification "fairly embraces" both specifications of drunk and reckless driving, where striking and injuring Ms. K was included as an additional element. Accordingly, we will not apply waiver and hold that Specifications 1 and 2 of Charge II are multiplicious for findings with the Specifi-

1. The charges and specifications said to be multiplicious for findings are as follows:

[Specification 1, Charge II, Article 111] ... did, at highway B–3 adjacent to kilometer marker 1,750 near Kirch Goens, FRG, on or about 24 April 1992, operate a vehicle, to wit: a passenger car, while drunk, and did thereby cause said vehicle to strike and injure [Ms. K.].

[Specification 2, Charge II, Article 111] ... did, at highway B–3 adjacent to kilometer marker 1,750 near Kirch Goens, FRG, on or about 24 April 1992, operate a vehicle, to wit:

a passenger car, in a reckless manner by passing another vehicle on a curve and failing to return the vehicle he was driving to the proper lane, and did thereby cause said vehicle to strike and injure [Ms. K.].

[Specification of Charge III, Article 128] ... did, at highway B–3 adjacent to kilometer marker 1,750 near Kirch Goens, FRG, on or about 24 April 1992, commit an assault upon [Ms. K.] by striking her on the body with a means likely to produce death or grievous bodily harm upon her, to wit: an automobile.

cation of Charge III. However, since the military judge granted the appellant's multiplicity motion for sentencing, the appellant suffered no prejudice with respect to the sentence.

The appellant's assertion that his court-martial lacked jurisdiction because the military judge was not designated in accordance with the Appointments Clause of the United States Constitution was resolved against him by the United States Court of Military Appeals in *United States v. Weiss*, 36 M.J. 224 (C.M.A.1992), *cert. granted*, — U.S. —, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993).

We have also considered the appellant's contention, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), that his sentence is inappropriately severe and find it to be without merit.

The findings of guilty of Specifications 1 and 2 of Charge II are set aside and that Charge and its specifications are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted and the entire record of trial, and applying the criteria of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), the sentence is affirmed.

Senior Judge CREAN and Judge WERNER concur.