UNITED STATES, Appellant

v.

ANGELO BENINATE, Private E–1, U. S. Army, Appellee

4 USCMA 98, 15 CMR 98

No. 4005

Decided March 26, 1954

Lt Col William R. Ward, U. S. Army, for Appellant.

Lt Col George M. Thorpe, U. S. Army, and 1st Lt John W. Fuhrman, U. S. Army, for Appellee.

## Opinion of the Court

Robert E. Quinn, Chief Judge:

A general court-martial convicted the accused of three specifications of unauthorized absence in violation of Article 86, 50 USC § 680, and of desertion, terminated by apprehension, in violation of Article 85, Uniform Code of Military Justice, 50 USC § 679. The accused was sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for three years. The convening authority approved the sentence but suspended the execution of the dishonorable discharge. On appeal, a board of review held that the evidence of desertion was legally insufficient to support a finding of termination by apprehension, but it approved all the other findings of guilty and reduced the period of confinement by several months to bring the sentence within legal limits. The Judge Advocate General of the Army certified to this Court the following question:

"Was the board of review correct in holding that Prosecution Exhibit 4 was insufficient as a matter of law to show that the desertion of the accused was terminated by apprehension?"

To prove the desertion charge, the prosecution relied upon authenticated copies of entries on the morning reports of the accused's organization and a written stipulation of expected testimony. The former show initiation of the unauthorized absence on August 28, 1952, and that the accused was dropped from the rolls as a deserter on December 26, 1952. The stipulation signed by trial and defense counsel, and the accused, reads as follows:

"It is hereby stipulated and agreed by and between Trial Counsel, Defense Counsel, and the accused, Pvt E–1 Angelo Beninate, with the consent of the accused, that if Detective Mark Ruckell, #0431, of the Kansas City, Missouri Police Department were present in court and sworn as a witness, he would testify in substance as follows:

That I apprehended the accused, Private E–1 Angelo Beninate, on 16 May 1953, at Kansas City, Missouri."

Punishment for a desertion terminated by apprehension requires appropriate allegation in the specification and proof beyond a reasonable doubt in the record of trial. United States v. Nickaboine, 3 USCMA 152, 11 CMR 152. Here, allegation of apprehension appears in the specification, but it is contended that the record does not show the requisite degree of proof.

Although the allied papers contain competent evidence of the accused's return to military control, the record itself is singularly silent on the point. The only evidence that may arguably relate to the termination of the desertion absence is that contained in the stipulation. However, that makes no mention of the accused's release to military authorities. All that the stipula-

tion shows is that the accused was apprehended by a detective of the Kansas City Police Department. Nothing appears as to the purpose or the circumstances of the apprehension. The court-martial was not informed as to whether the accused, at the time of apprehension, was known to be in the military service and in an unauthorized absence status, or whether he disclosed his military status only after he was taken into custody on a criminal charge, in which event the court could justifiably infer that the accused revealed his military status only to avoid prosecution by the civilian authorities. Either would support a finding that his return to military control was involuntary. See: United States v. White, 3 USCMA 666, 14 CMR 84.

Stipulations should be so construed as to give effect to the intention of the parties. United States v. Cambridge, 3 USCMA 377, 12 CMR 133. However, if a stipulation is completely silent on material facts a court cannot, in the guise of construction, supply the omissions. The writing must contain something to construe. Here, there is nothing. On the basis of the evidence contained in the record of trial, only speculation can supply information as to the nature, the purpose, and the result of the apprehension by Detective Ruckell. It would not be unreasonable to assume that Detective Ruckell apprehended the accused under circumstances similar to those in United States v. Nickaboine, supra, where we held the evidence to be legally insufficient to support a finding of an involuntary return. Neither is it unreasonable to suppose, in the absence of evidence to the contrary, that the accused was freed by the civilian authorities, and thereafter voluntarily surrendered himself to the military.

Actually, the allied papers show that the accused was apprehended in connection with a burglary investigation. On apprehension, he revealed that he was a member of the military service, and that he had escaped from the Post Stockade, Camp Pickett, Virginia. Had these facts been made a part of the stipulation, it is probable that this case would not have reached this Court. See United States v. White, supra. We must take the record as we find it. The evidence presented at the trial is not legally sufficient to prove apprehension within the meaning of the Manual.

We think it appropriate to reemphasize what we said in United States v. Wilson, 4 USCMA 3, 15 CMR 3:

". . . the allied papers bound with the record of trial—but, of course, not a part of it—reveal clearly that the pretrial investigation had unearthed more than trifling corroborative matter. Thus, prior to trial there had been disclosed the existence of available documentary evidence which beyond peradventure would have sustained the findings returned by the court in this case. But it was not utilized by trial counsel below. Why? Was it because he was downright slipshod in the preparation of his case, or was it because he was operating under a ground rule, based on administrative considerations, and requiring a precipitous handling of cases on minimal evidence? We cannot know, of course.

"However, we can be assured with virtual certainty that, had trial counsel done—or been permitted to do—his duty as a prosecutor, this case would never have come before this Court . . . Dare we hope that at some future time safer and sounder procedures will be adopted?"

The certified question is answered in the affirmative. The decision of the board of review is affirmed.

Judges LATIMER and BROSMAN concur.