UNITED STATES, Appellant

v.

ROBERT CLAYBORNE, Private E–2, U. S. Army, Appellee

4 USCMA 105, 15 CMR 105

No. 4110

Decided March 26, 1954

Lt Col William R. Ward, U. S. Army, and 1st Lt Kenneth A. Howard, U. S. Army, for Appellant.

Lt Col James C. Hamilton, U. S. Army, and 1st Lt Paul Berger, U. S. Army, for Appellee.

## Opinion of the Court

Robert E. Quinn, Chief Judge:

The accused was convicted of desertion. The specification alleged an unauthorized absence, initiated on April 22, 1952, and terminated by apprehension by civilian authorities on July 7, 1953. He was sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for two years. On appeal, a board of review held that a stipulation of facts relating to the termination of the absence was legally insufficient to support a finding of apprehension. However, all other findings and the sentence were approved. The Judge Advocate General of the Army certified to this Court the following question:

"Was the stipulation entered into in this case sufficient to support an inference that the accused was apprehended in view of the fact that he did not disclose his identity or his absence-without-leave status until after he had been arrested upon a specific criminal charge and had been subjected to questioning by the civil police?"

**105**

In its final form, the stipulation between trial and defense counsel, which was expressly consented to by the accused, reads as follows:

"It is orally stipulated by and between the prosecution and the defense with the consent of the accused, that the accused was arrested by civilian police on a charge of disorderly conduct on 7 July 1953 at Indianapolis, Indiana; that the woman who had been engaged in an affray with the accused informed the arresting officers that the accused's name was Robert Young. That upon being questioned as to the whereabouts of his Draft Registration card, the accused informed the civilian police that his name was Robert Clayborne and that he was a member of the Army.

"It is further stipulated that the accused informed the military police on 8 July 1953 that he was absent without leave from the Army."

When apprehension is alleged as an aggravating circumstance, in a desertion case, it must be proved beyond a reasonable doubt. United States v. Nickaboine, 3 USCMA 152, 11 CMR 152. Tested by our holdings in that case and in United States v. White, 3 USCMA 666, 14 CMR 84, the facts here are legally sufficient to support a finding of apprehension. In the White case we said:

"The defense argues that this stipulation, which was the only evidence of the circumstances under which the accused's absence was terminated, is insufficient to establish termination by apprehension. This contention is supported, it is urged, by our decision in United States v. Nickaboine, 3 USCMA 152, 11 CMR 152. In that case the stipulation in question showed only that the accused therein volunteered the information that he was a member of the military service, after he was involved in an automobile accident. The facts of the case at bar are clearly distinguishable from the situation which confronted us in the Nickaboine case. There the stipulation did not even suggest that the accused was under arrest, nor could it be reasonably concluded that he revealed his identity as a member of the armed forces solely to avoid prosecution or other action by the civilian authorities. In the instant case, the stipulation shows conclusively that the accused was arrested because he was drunk and disorderly, and revealed his military status while held under this charge. The probable inference to be drawn from this disclosure, considering all the circumstances, is that it was made for the sole purpose of avoiding prosecution by civilian authorities. This inference remained unrebutted for the accused neither testified in his own behalf, nor did he offer any evidence in defense. The evidence is legally sufficient to sustain the finding that the desertion was terminated by apprehension as alleged."

A comparison of the facts in the present stipulation with those in the White case shows substantial similarity:

| *White Stipulation* | *Stipulation in this Case* |
|---|---|
| Accused was taken into custody for being drunk and disorderly. | Accused was arrested for disorderly conduct. |
| By a civilian police officer. | By a civilian police officer. |
| At the time the accused disclosed that he was absent without leave from the Army. | At the time, disclosed that he was a member of the Army. |
| | The next day the accused informed the Military Police that he was absent without leave. |

The only difference is that the accused in the White case disclosed his absence status to the civilian authorities upon being taken into custody, whereas here, he made the disclosure to the military police the day after his arrest. This difference is more harmful to the accused than it is helpful. He had been absent without authority for over a

year, and apparently, at the time of his arrest, he was using an alias. His sudden resumption of name and military status can reasonably be considered a calculated effort to escape prosecution under the civilian criminal charge. Consequently, if the difference in the time of disclosure is significant, it serves only to strengthen the conclusion that the accused's return to the military service was involuntary.

The certified question is answered in the affirmative. The decision of the board of review is reversed, and the case is returned to the Judge Advocate General of the Army for action consistent with this opinion.

Judges LATIMER and BROSMAN concur.