UNITED STATES, Appellee

v.

JAMES F. CRAWFORD, Private E–2, U. S. Army, Appellant

4 USCMA 701, 16 CMR 275

No. 5372

Decided September 24, 1954

MAJ Edwin Doran, U. S. Army, and CAPT Glade F. Flake, U. S. Army, for Appellant.

LT COL William R. Ward, U. S. Army, and 1ST LT Benjamin C. Flannagan, U. S. Army, for Appellee.

### Opinion of the Court

PER CURIAM:

Upon approval of his conviction of desertion as well as of the sentence to dishonorable discharge, total forfeitures and confinement at hard labor for three years, by a board of review, the accused petitioned this Court to determine the sufficiency of the evidence to support the finding of apprehension.

The sole evidence of this element of the offense is in the form of a stipulation of the expected testimony of Agent G. Gillen, Federal Bureau of Investigation, entered into by the parties, which we set out in full:

"My name is G. Gillen and I am an agent of the Federal Bureau of Investigation and was such agent at the time herein mentioned. On 3 May 1954 at 2215 hours, I apprehended the accused herein, Private James F. Crawford, RA 18 365 871, on the street at 6449 Smith Yale in Chicago, Illinois. The accused neither surrendered, requested that he be apprehended, nor voluntarily initiated his being apprehended."

This stipulation is substantially the same as those with which we were concerned in United States v. Beninate, 4

USCMA 98, 15 CMR 98; United States v. Cowans, 4 USCMA 308, 15 CMR 308, and United States v. Salter, 4 USCMA 338, 15 CMR 338. In each of the cited cases we held the stipulation insufficient proof of termination of desertion by apprehension.

No material difference is found in the fact that in the instant case the accused was apprehended by an agent of the Federal Bureau of Investigation, whereas in the cited cases state or local authorities were involved. Article 8, Uniform Code of Military Justice, 50 USC § 562. Agents of that Bureau are authorized to apprehend individuals for violations of Federal laws other than encompassed by the Uniform Code of Military Justice. Such an apprehension does not operate to terminate an unauthorized absence from one of the armed forces. Termination results only from a return to military control. In the case at bar, whether the accused's return to military control was voluntary or involuntary was not shown. Nor can involuntariness be inferred from a showing that he returned to military control one hour and forty-five minutes after his apprehension by Agent Gillen.

The finding of apprehension is set aside. The case is returned to The Judge Advocate General of the Army for submission to a board of review for redetermination of an appropriate sentence.