UNITED STATES, Appellee

v.

ROBERT J. SMITH, Private E–2, U. S. Army, Appellant

5 USCMA 460, 18 CMR 84

No. 5516

Decided February 4, 1955

Col Burton F. Ellis, U. S. Army, Lt Col George M. Thorpe, U. S. Army, and 1st Lt Carl D. Hall, U. S. Army, for Appellant.

Lt Col Thomas J. Newton, U. S. Army, and 1st Lt William G. Fowler, U. S. Army, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

Smith, the accused before us, was found guilty, following trial by general court-martial, of desertion terminated by apprehension, in violation of the Uniform Code of Military Justice, Article 85, 50 USC § 679. The findings, and his sentence to dishonorable discharge, total forfeitures, and confinement at hard labor for two years, were approved by the convening authority and thereafter, on May 19, 1954, affirmed by a board of review in the office of The Judge Advocate General, United States Army. Two days later The Judge Advocate General—pursuant to the provisions of the Manual for Courts-Martial, United States, 1951, paragraph 100c(1)(a)—mailed the board's decision to the officer at the time exercising general court-martial jurisdiction over the accused. That officer received the decision on May 24, 1954, and on May 27, 1954, the accused acknowledged receipt of a copy.

On May 26, 1954—one day prior to this service—his counsel had filed with the board of review a petition for reconsideration. This pleading urged that the board re-evaluate the legal sufficiency of the evidence concerning the accused's apprehension in light of the decision rendered by us on May 21, 1954, in the case of United States v. Salter, 4 USCMA 338, 15 CMR 338. The board concluded, however, that it lacked power to entertain the motion. Thereupon The Judge Advocate General certified to us the identical questions presented by him in United States v. Sparks, 5 USCMA 453, 18 CMR 77, and set out in that opinion. The accused subsequently filed a petition for review, which included the assignment of error urged in the petition for reconsideration—namely that the evidence to sustain the finding of apprehension was insufficient. Government appellate counsel now concede that there was such a failure of proof under our holdings in United States v. Salter, supra, and United States v. Crawford, 4 USCMA 701, 16 CMR 275. We accept this concession.

## II

Since the three certified questions were answered by us fully in United States v. Sparks, supra, there seems little point in retracing our steps here. Suffice it to say that the petition for reconsideration was timely—for the

**461**

reason that it preceded the filing of any petition for review here, or the lapse of thirty days from the date of the service of the board's decision on the accused. Accordingly, the board erred in holding that it lacked jurisdiction to entertain the petition.

## III

Therefore, the record of trial must be remanded to the board of review for further proceedings in accord with this opinion, and it is so ordered.

Chief Judge QUINN and Judge LATIMER concur.