UNITED STATES, Appellee

v.

CLYDE JUNIOR BABB, Seaman Apprentice,
U. S. Navy, Appellant

6 USCMA 191, 19 CMR 317

*Lieutenant Commander A. C. Johnston,* USN, argued the cause for Appellant, Accused.

*Captain James A. Turley,* USMCR, argued the cause for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused challenges the sufficiency of the evidence to support the finding that his desertion was terminated by apprehension. The evidence on that issue consists of an authenticated extract from the accused's service record which in part shows that he was "Apprehended by civil authorities at Morristown, Tennessee," and of certain testimony by the accused.

According to his testimony, the accused went on liberty on April 20, 1954. Instead of returning to his ship at the expiration of his liberty, he went to his home in Greenville, South Carolina. In August 1954, he decided to turn himself in. Travelling by automobile, he left for Norfolk, Virginia. However, he detoured from the direct route in order to take his cousin to Morristown, Tennessee. In the latter community, he was "caught speeding." He "didn't have funds enough to pay . . . [his] fine and go to Norfolk, too." In other words, he had "to leave one off—the fine or Norfolk." He "knew" that if he disclosed his identity as a service man, he would not have to pay the fine or stay in jail because "the Navy would have to come and get . . . [him] sooner or later." Consequently, he told the police that he was in the service, and he showed them his identification and liberty cards. He admitted that he

would not have made the disclosure if he had had enough money to pay the fine and to finance his trip to Norfolk.

In his closing argument, trial counsel argued at length that the evidence was sufficient to show beyond a reasonable doubt that the accused's absence was terminated by apprehension. The law officer instructed the court on the issue as follows:

"Now with reference to the testimony of the accused that he was apprehended at Morristown by the civil authorities, you are further advised if you believe that his disclosure was actually voluntary and prompted by a sincere desire to return to military control, rather than to avoid possible civil trial and punishment, you should not find the accused guilty of desertion terminated by apprehension, even though you do find him guilty of desertion as charged."

The manner of termination of desertion affects the punishment that can be imposed for the offense. ▮▮▮▮▮▮ ▮ A desertion terminated by apprehension carries a greater maximum penalty than one "Terminated otherwise." Manual for Courts-Martial, United States, 1951, paragraph 127c, Section A, page 220. If the Government desires to subject

the accused to the greater punishment, it must allege apprehension and prove it beyond a reasonable doubt. United States v. Beninate, 4 USCMA 98, 15 CMR 98.

In United States v. Nickaboine, 3 USCMA 152, 155, 11 CMR 152, we pointed out that the manner of termination of desertion is "one of bare fact, unweighted by any sort of presumption." The Government sufficiently established the fact of apprehension by the entry in the accused's service record. United States v. Simone, 6 USCMA 146, 19 CMR 272; United States v. Coates, 2 USCMA 625, 10 CMR 123. The accused was then required to "go forward with the evidence," or run the risk of an adverse verdict. United States v. Nickaboine, supra, page 155. The accused sought to meet this evidentiary obligation by his testimony describing the disclosure of his military status.

A finding that desertion was terminated by apprehension is supported by evidence that the accused, when in the custody of the civil authorities, disclosed to them that he was in the military service, and his disclosure was for the purpose of avoiding prosecution for a civilian offense. United States v. White, 3 USCMA 666, 14 CMR 84; United States v. Clayborne, 4 USCMA 105, 15 CMR 105. It logically follows that a finding of apprehension is also supported by evidence that the disclosure by the accused was for the purpose of avoiding punishment actually imposed upon him for civilian wrongdoing.

Here, the issue of whether the accused "voluntarily" disclosed his military status to the civil authorities, or whether it was to avoid "action by the civilian authorities," was squarely presented to the court-martial. It decided the issue against the accused upon the basis of substantial evidence. The finding of the court-martial, therefore, is binding upon this Court. United States v. Hernandez, 4 USCMA 465, 16 CMR 39.

The decision of the board of review is affirmed.

Judges LATIMER and BROSMAN concur.