UNITED STATES, Appellee

v

RAY JUNIOR REYNOLDS, Private, U. S. Marine Corps, Appellant

6 USCMA 535, 20 CMR 251

No. 6985

Decided December 9, 1955

*Lieutenant W. O. Miller*, USNR, argued the cause for Appellant, Accused.
*Captain James A. Turley*, USMCR, argued the cause for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A special court-martial convicted the accused of sleeping on post, in violation of Article 113, Uniform Code of Military Justice, 50 USC § 707, and adjudged a sentence which includes a bad-conduct discharge. Intermediate appellate authorities affirmed the conviction.

The principal question presented for review in this Court is whether the evidence is legally sufficient to support the

findings of guilty. There is no doubt that the accused was properly posted and advised of the pass word. For a time, he was "on the ball" in the performance of his duties. He required the Commander and the Sergeant of the Guard to identify themselves before he opened the gate, which was a part of his post, to let them out to inspect an outside post. On their return, the accused let them in.

The accused's transformation from

an "alert" sentinel into a sleeping soldier occurred at the traditional hour. At midnight, Sergeant Pereira, the Sergeant of the Guard, proceeded to check the accused's post. Not finding the accused where he was supposed to be, he initiated a search and discovered the accused sitting in the cab of a dump truck, with his head "resting back on the seat of the cab." The accused was "snoring." Taking custody of the accused's rifle, Sergeant Pereira reported to the Commander of the Guard. Together they went to the truck. Pereira awakened the accused and relieved him of his duties as a sentinel. The critical issue is whether the truck in which the accused was found asleep was upon his post.

In some respects the element of the offense which is most capable of exact proof is whether it occurred "on post." This can be established by objective facts. Cf. United States v Williams, 4 USCMA 69, 15 CMR 69. Often, all that is required is evidence of the limits of the post and their physical relationship to the place where the accused is found. If the place of discovery is within the defined boundaries of the post, the accused is obviously "on post." Although the converse is not so plainly established, at least the physical facts will clearly define the issue for the court-martial. Thus, not every absence from the prescribed area of the post establishes that the sentinel is "off post." The circumstances may show that, although outside the physical limits of the post, the sentinel is still in such proximity to its designated limits as to be fully capable of performing his duties, and, therefore, is regarded as being "upon his post." United States v Hattley, 3 USCMA 114, 11 CMR 114, concurring opinion of Judge Brosman, dissenting opinion of Chief Judge Quinn. Cf. United States v Hurst [CM 355452], 6 CMR 307. Consequently, it should be standard procedure for the prosecution to present sufficient and clear evidence of the exact boundaries of the post, the place where the accused was found, and the relationship of that place to the limits of the post. The difficulty here results from the sparseness of the evidence on these matters. Trial counsel was not a lawyer in the sense of Article 27, Uniform Code of Military Justice, 50 USC § 591, and he may have been lulled into a false sense of security by the fact that the accused concentrated his defense on the other elements of the offense. However, whatever trial counsel's reasons, our review of the sufficiency of the evidence must be based on the record of trial. United States v Beninate, 4 USCMA 98, 15 CMR 98.

The accused's post was located "just as you go in the gate" of the company compound. Apparently, however, it was not limited to the gate. The Corporal of the Guard testified that it extended "from the fuel dump to the guard shack." Sergeant Pereira said that the accused was "work[ing] from the lower end toward the gate." The width of the post is not shown. The place where the accused was found asleep is described as "up between the dispatcher shack and where the vehicles are parked." Sergeant Pereira's testimony implies that this place was outside the post boundaries. Thus, he said that, "I didn't see anybody *on post* so I kept walking and looking around for him." (Emphasis supplied.) Other evidence indicates, however, that the accused was not so far away as to be unable satisfactorily to perform his duties.

Sergeant Pereira testified that the night was not "too dark." In fact, one could "see from one end of the compound to the other." The door of the truck in which the accused was found asleep was open. The open door enabled Sergeant Pereira to "see what was going on" inside the truck as he approached from the post. Impliedly, therefore, there was a clear field of vision from the truck to the post. Moreover, the gate, which constituted a part of the post, was kept locked. Hence, a person attempting to get in or out would have to stop. This circumstance would give the accused, even though physically outside the limits of the post, ample opportunity to challenge. Considered as a whole, the evidence and the reasonable inferences which can be drawn

from it are sufficient to support the court-martial's conclusion that the accused was on his post at the time he was found asleep.

Because of our conclusion as to the sufficiency of the evidence, we need not consider the accused's related claim that the board of review's evaluation was predicated upon an erroneous principle of law. The decision of the board of review is affirmed.

Judges LATIMER and BROSMAN concur.