**UNITED STATES**

v.

**Airman First Class James J. WASH-INGTON, FR 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, United States Air Force.**

**ACM 2569.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 16 Oct. 1986.

Decided 17 March 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Charles L. Wille.

Appellate Counsel for the United States: Colonel Joe R. Lamport and Major Kathryn I. Taylor.

Before SESSOMS, STEWART and LEWIS, Appellate Military Judges.

## DECISION

STEWART, Judge:

Pursuant to his pleas the appellant was convicted by general court-martial of desertion terminated on 4 September 1986 by apprehension. The approved sentence includes a dishonorable discharge, twelve months confinement, total forfeitures, and reduction to E–1.

The appellant avers his guilty plea was improvident because the record fails to show his desertion was terminated by apprehension. We agree. The maximum punishment for desertion terminated by apprehension includes three years confinement, whereas desertion terminated otherwise warrants no more than two years confinement.

During the guilty plea inquiry mandated by *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (C.M.A.1969) and Rule for Courts-Martial (R.C.M.) 910(c), (d), (e), and (f) the appellant told the military judge that he was apprehended on 31 August 1986 by the Los Angeles police for "grand theft auto", not because he was a deserter from the service. He acknowledged that he was turned over to the Air Force on 4 September 1986, but he did not elucidate on the chain of events between the time the civilian police took him into custody and his delivery to the Air Force. An AF Form 2098 merely discloses the appellant "was apprehended by Los Angeles Police Department for Grand Theft Auto (GTA) on 31 Aug 86" and "was released to Edwards AFB Security Police on 4 Sep 86." A stipulation of fact received into evidence does no more than confirm the AF Form 2098 and what the appellant told the military judge during the *Care* inquiry. There is no evidence in the record explaining how the civilian police reached the decision to turn the appellant over to the Air Force.

The Manual for Courts-Martial, 1984, does not explain under what circumstances apprehension by civilian authorities with subsequent delivery to military authorities constitutes termination of desertion by apprehension. We must look to the cases for this guidance. In 1953 the United States Court of Military Appeals held that a state police officer's stipulated testimony that he apprehended the accused in connection with an automobile accident and the accused volunteered he was in the military service was insufficient to establish termination of desertion by apprehension. *United States v. Nickaboine*, 3 U.S.C.M.A. 152, 11 C.M.R. 152 (C.M.A.1953). The Court was unable to find under those evidentiary circumstances that the "desertion was ended by 'apprehension'—that is, involuntarily—or by 'surrender' or 'otherwise'—that is, freely and voluntarily ..."

Since then the consensus of the cases has been that for an accused's desertion to be terminated by apprehension, his return to military control must be *involuntary* as distinguished from *voluntary*. Several scenarios are possible when an accused is initially taken into custody by civilian police. When an accused is arrested by civilian authorities pursuant to a military deserter pick up order, they are acting as agents for the military and the accused's

return is involuntary. Frequently, however, a deserter is taken into custody on purely civilian charges. In that event, there are at least three different situations. If the member, or someone acting at his request, voluntarily discloses his status and requests delivery to the military, his return is voluntary. However, if his motive for such disclosures was merely to escape civilian prosecution, his return to the military will be considered involuntary. Finally, if the deserter says nothing and the civilian police discover his status, his return to the military is also involuntary. *United States v. White*, 3 U.S.C.M.A. 666, 14 C.M.R. 84 (C.M.A.1954); *United States v. Beninate*, 4 U.S.C.M.A. 98, 15 C.M.R. 98 (C.M.A.1954); *United States v. Salter*, 4 U.S.C.M.A. 338, 15 C.M.R. 338 (C.M.A.1954); *United States v. Simone*, 6 U.S.C.M.A. 146, 19 C.M.R. 272 (C.M.A.1955); *United States v. Fields*, 13 U.S.C.M.A. 193, 32 C.M.R. 193 (C.M.A. 1962); *United States v. Montoya*, 15 U.S.C.M.A. 210, 35 C.M.R. 182 (C.M.A.1965); *United States v. Lewandowski*, 37 C.M.R. 777 (C.G.B.R.1967). The law on termination by apprehension is summarized in DA Pamphlet 27–9, Military Judges' Benchbook, paragraph 3–9d, Notes 6 and 7, May 1982, as amended. Military judges and counsel should review this material while preparing for and trying cases involving termination of absences by apprehension.

■ There must be evidence proving termination by apprehension; it cannot be presumed. Mere proof that an accused was apprehended by civilian authorities is insufficient to establish termination of desertion by apprehension. *United States v. Beninate, supra; United States v. Salter, supra.* It follows then that evidence that an accused was arrested by civilian police on a civilian charge does not prove that the accused was returned to military control involuntarily. *United States v. Fields, supra; United States v. Montoya, supra.* Morning reports or official personnel accountability records, such as the AF Form 2098, may establish termination by apprehension. *United States v. Simone, supra.* However, such records must show the accused's return to military control was invol-

untary. *United States v. Patrick*, 48 C.M.R. 55 (A.F.C.M.R.1973).

We agree with appellate defense counsel that our decision in *United States v. Patrick, supra,* is controlling in the case before us. In *Patrick* Air Force duty status change forms showed the accused had been apprehended by the Nebraska State Police and transferred from civil confinement to military confinement the next day. Citing *Beninate, Salter,* and *Nickaboine,* we held that this evidence alone was not sufficient to prove the accused's return to military control was involuntary. We said:

> In order to establish that an accused's alleged desertion was terminated by apprehension ... it must be shown that the accused was apprehended by civil authorities for the military rather than for a violation of state law, or that the accused was returned to the military by the civil authorities for some reason other than the accused's own voluntary request for such return.

*United States v. Patrick, supra,* 56.

In the case *sub judice* the AF Form 2098 establishes nothing more than did the evidence in *Patrick.* The appellant's responses during the *Care* inquiry and the stipulation add nothing. Appellate government counsel imply that in accordance with *United States v. White, supra,* the evidence is sufficient to establish termination of desertion by apprehension. We disagree. In *White* the accused was taken into custody by the Sheriff of Casper, Wyoming, for being drunk and disorderly. The accused told the Sheriff that he was absent without leave from the Army, and the Sheriff then placed him in jail, where he remained until he was released to the Army. The Court held the evidence was sufficient to support the finding that the desertion was terminated by apprehension because, "The probable inference to be drawn from [the accused's] disclosure, considering all the circumstances, is that it was made for the sole purpose of avoiding prosecution by civilian authorities." No such inference can be drawn in the case before us since the evidence does

not disclose how the Los Angeles police learned the appellant was a member of the Air Force.

 Nor, do we believe the holding in *United States v. Simone, supra*, supplies the missing link in the evidence in the case before us. In *Simone* a morning report recited that the accused "was apprehended by civilian authorities in Brooklyn, and was thereafter returned to confinement under military control." The Court there found that Army regulations required that the morning report reflect the circumstances of the absentee's return, whether "surrendered or apprehended", and that the term "apprehended" means "the accused's return to military control was involuntary, and that it was not initiated by him or by persons acting at his request." The case *sub judice* is distinctly different from *Simone*. The evidence clearly shows the appellant was apprehended by civilian authorities for a civilian offense, not on behalf of the military.

*United States v. Care, supra,* and R.C.M. 910(e) require the military judge to ascertain by inquiry of the accused that there is a factual basis for the guilty plea. In other words, the military judge must elicit sufficient information to determine that the accused is in fact guilty. *United States v. Davenport,* 9 M.J. 364 (C.M.A. 1980). In the case before us the record, both of the *Care* inquiry and otherwise, fails to establish that the appellant's return to military control was involuntary and, accordingly, that his desertion was terminated by apprehension. Thus, we hold that so much of his plea of guilty as pertains to termination by apprehension was improvident.

We could set aside the entire findings of guilty and the sentence with leave to hold a rehearing. However, because we believe we can do justice in this case at our level, and in the interest of judicial economy, we will accord the appellant a less drastic remedy. We set aside so much of the findings of guilty as pertain to termination by apprehension, and we affirm the remainder, i.e. a finding of guilty of absence in deser-

tion from on or about 4 June 1985 until on or about 4 September 1986. The sentence is reassessed. Only so much of the sentence as provides for a dishonorable discharge, confinement for nine months, forfeiture of all pay and allowances, and reduction to the grade of E–1 is approved. We are convinced this reassessed sentence is appropriate in relation to the affirmed findings of guilty and is no greater than that which would have been imposed if the court had found the appellant guilty of desertion without termination by apprehension.

Senior Judge SESSOMS and Judge LEWIS concur.