**UNITED STATES, Appellee,**

v.

**Specialist Andrew P. WILLIAMS, III, 066–58–0919, United States Army, Appellant.**

**ACMR 8801833.**

U.S. Army Court of Military Review.

24 Aug. 1989.

For Appellant: Captain Paula C. Juba, JAGC (argued); Colonel John T. Edwards, JAGC, (on brief).

For Appellee: Captain Martin D. Carpenter, JAGC (argued); Lieutenant Colonel Gary F. Roberson, JAGC, (on brief).

Before DeFORD, FOREMAN, and WERNER, Appellate Military Judges.

OPINION OF THE COURT

FOREMAN, Judge:

The appellant pleaded guilty to absence without leave (AWOL) terminated by apprehension, making and uttering 35 bad checks, and dishonorable failure to pay a just debt, in violation of Articles 86, 123a and 134, Uniform Code of Military Justice,

10 U.S.C. §§ 886, 923a and 934 (1982 and Supp.). He now contends that his plea of guilty to AWOL terminated by apprehension was improvident because the military judge failed to establish a sufficient factual basis for the element of apprehension. We find the appellant's contention without merit.

The inquiry by the military judge disclosed the following factual basis for the plea of guilty. On 31 May 1988 the appellant attempted to cash a check at the post exchange. When the cashier asked him to wait, the appellant left because he was afraid that he would be apprehended and was not yet ready to terminate his AWOL. Because he needed money, he went to another post exchange facility about three hours later and attempted to cash a check. Again the cashier told him to wait because "she needed to check it, run it through a computer or something." About fifteen minutes later two persons of unknown identity or authority (but assumed by the appellant to be post exchange employees) asked the appellant to come upstairs with them. The appellant complied and waited for about thirty minutes until the military police arrived. The military police had been summoned because the appellant had cashed numerous bad checks at the post exchange. They did not know that the appellant was AWOL until they contacted his unit and were so informed by the charge of quarters.

 The intent of the drafters of the Manual for Courts–Martial was to give apprehension the same meaning in AWOL cases as in desertion cases. Manual for Courts–Martial, United States, 1984, Part IV, paragraph 10e analysis app., 21 at A21–87. Temporary submission to military control does not terminate an unauthorized absence unless the absentee discloses his status. *See United States v. Jackson*, 2 C.M.R. 96 (C.M.A.1952) (temporary military control including submission to jurisdiction of a summary court-martial did not terminate absence because absentee did not disclose his status). The term "apprehension" means that the absentee's return to military control was involuntary. *United*

*States v. Fields*, 13 U.S.C.M.A. 193, 32 C.M.R. 193 (1962); *United States v. Washington*, 24 M.J. 527 (A.F.C.M.R.1987).

It is clear from the plea inquiry that the appellant did not voluntarily terminate his AWOL. We hold that the military judge established a sufficient factual basis for the plea and that the plea of guilty was provident.

The findings of guilty and the sentence are affirmed.

Senior Judge DeFORD and Judge WERNER concur.