**638**

UNITED STATES

v.

Carlos L. NORTHERN, 594 09 9016,
Lance Corporal (E–3), U.S.
Marine Corps.

NMCM 94 01758.

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 9 March 1994.

Decided 31 March 1995.

LCDR James C. Funk, JAGC, USNR, Appellate Defense Counsel.

LT Brian B. Rippel, JAGC, USNR, Appellate Government Counsel.

Before ORR and REED, Senior Judges, and KEATING, J.

KEATING, Judge:

We have examined the record of trial, the assignment of error,[1] and the Government's response, and we have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.

The appellant assigns, as the single error in this case, that his plea to unauthorized absence terminated by apprehension was improvident because he volunteered his status as a deserter to the civilian authorities who apprehended him for an unrelated offense.

At trial, the military judge questioned the appellant about the circumstances of his arrest and return to military control. The appellant stated that he informed the civilian authorities of his absence from the Marine Corps about one hour after being apprehended while they were asking him questions about his personal history. Record at 32. The military judge then asked the following question: "Now did you inform them of the facts in order that you could be turned over to military authorities, or did you do that because you thought they were going to find out anyway and you wanted to be cooperative?" Record at 33. The appellant answered: "Be cooperative, sir."

The military judge found the appellant's plea of guilty to an unauthorized absence terminated by apprehension to be made voluntarily and with a factual basis and accept-

---

1. APPELLANT'S PLEA TO A VIOLATION OF ARTICLE 86 TERMINATED BY APPREHEN-  SION WAS IMPROVIDENT.

ed it. It seems clear from the record that the military judge and the appellant believed that the appellant's reason for informing the authorities about his status as an unauthorized absentee was not for the purpose of being turned over to military authority. However, appellate defense counsel argues that voluntary disclosure of his status as an unauthorized absentee is enough by itself to avoid characterization of the absence as having been terminated by apprehension. *United States v. Evans*, 35 M.J. 754 (N.M.C.M.R. 1992) is cited in support of this proposition.

■ The Court of Military Appeals, in an early case, held that whether a particular desertion was ended by "apprehension" (meaning involuntarily) or by "surrender" (meaning freely and voluntarily) is a question of fact. *See United States v. Nickaboine*, 3 C.M.A. 152, 11 C.M.R. 152, 1953 WL 1995 (1953). The Court found the evidence to be ambiguous as to whether the accused's disclosures were "wholly voluntary" or "... made under the compulsion of an official situation...." *Id.* at 156. Judge Latimer, concurring in the result, explained that in order to show apprehension, the Government had to prove the "... accused disclosed his identity because civil authorities had apprehended him on a criminal charge; and, that they were either about to question him concerning that charge or were about to bring him to trial for his alleged offense." *Id.* at 157.

■ Subsequently, in *United States v. Fields*, the majority of the same Court applied a similar test to find as correct in law a court-martial finding that an accused had been apprehended. "He disclosed his status as an unauthorized absentee only in the course of a civilian police inquiry into his identity." *United States v. Fields*, 13 C.M.A. 193, 196, 32 C.M.R. 193, 196, 1962 WL 4477

(1962). More recently in *Evans*, this Court restated the rules for determining whether an unauthorized absence is terminated by apprehension. 35 M.J. at 757 (citing *United States v. Washington*, 24 M.J. 527 (A.F.C.M.R.1987)). Both of these cases qualify a voluntary disclosure, such as occurred in this case, with a requirement that it not be made to avoid civilian prosecution. We read this language as a short form description of the "compulsion of an official situation" test from *Nickaboine* and of the "in the course of a civilian police inquiry into his identity" language from *Fields*.

■ In this case, the appellant informed the civilian authorities of his deserter status while they were questioning him as to his personal history as part of an official inquiry for a violation of state law. This is the sort of situation the Court of Military Appeals had in mind in *Nickaboine* and *Fields* and what we believe this Court and the Air Force Court of Military Review meant when it referred to a disclosure made to avoid civilian prosecution. It does not constitute a voluntary request for return to military authority. *See United States v. Patrick*, 48 C.M.R. 55 (A.F.C.M.R.1973), *quoted in Washington*, 24 M.J. at 529.

Accordingly, we find the appellant's plea to be provident. The findings of guilty and the sentence, as approved on review below, are affirmed.

Senior Judge ORR and Senior Judge REED concur.