# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

### UNITED STATES

v.

### Brice E. HEDLUND,
### Seaman (E-3), U.S. Coast Guard

### CGCMS 24345

### Docket No.  1261

### 11 July 2007

Special Court-Martial convened by Commanding Officer, Integrated Support Command Honolulu. Tried at Honolulu, Hawaii, on 4 October 2005.

| | |
|---|---|
| Military Judge: | LCDR Benes Z. Aldana, USCG |
| Trial Counsel: | LCDR Kevin F. Bruen, USCG |
| Civilian Defense Counsel: | Earle A. Partington, Esquire |
| Detailed Defense Counsel: | LT Barbara A. Kagle, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LCDR John S. Luce Jr., USCG |
| | LCDR Patrick M. Flynn, USCG |

### BEFORE
### McCLELLAND, KANTOR & FELICETTI
Appellate Military Judges

KANTOR, Judge:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of nine specifications of use, three specifications of distribution, and one specification of introduction to a military vessel of various illegal drugs, all in violation of Article 112a, Uniform Code of Military Justice (UCMJ); four specifications of larceny, in violation of Article 121, UCMJ; one specification of attempted larceny, in violation of Article 80, UCMJ; two specifications of forgery, in violation of Article 123, UCMJ; one specification of unauthorized absence terminated by apprehension, in violation of Article 86, UCMJ; and one specification of missing movement, in violation of Article 87, UCMJ.

The military judge sentenced Appellant to a bad-conduct discharge, reduction to E-1, and confinement for twelve months, which he credited with 148 days of pretrial confinement, pursuant to *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984). The Convening Authority approved the findings and the sentence as adjudged but suspended all confinement in excess of eight months for twelve months from the date of the Convening Authority's action, pursuant to the terms of the pretrial agreement. The Convening Authority also approved 148 days of pretrial confinement credit against the sentence to confinement, as directed by the military judge.

Before this Court, Appellant asserts as his sole assignment of error that his guilty plea to unauthorized absence "terminated by apprehension" was improvident because the military judge failed to elicit facts sufficient to show that Appellant did not voluntarily return to military control. On appeal, the Government concedes that Appellant's absence was not terminated by apprehension, and we agree.

Pursuant to a pretrial agreement, Appellant pled guilty to a charge and single specification under Article 86, UCMJ, which alleged an unauthorized absence from the USCGC JARVIS from on or about 28 April 2005 until his apprehension on or about 7 June 2005. During the providence inquiry, however, Appellant revealed that on 10 May 2005, he had been arrested and taken into custody by officers of the Honolulu Police Department (HPD) on theft charges unrelated to this court-martial. On the day of his arrest by the HPD, Appellant volunteered during questioning that he not only was a member of the military, but that he was absent without leave as well. When asked by the military judge why he revealed his unauthorized absence status to the HPD, Appellant essentially indicated that he knew the Honolulu authorities would eventually learn of his status. The following day, the HPD notified the Coast Guard of Appellant's arrest. Coast Guard authorities placed a detainer on him that same day. Nevertheless, Appellant remained in civilian confinement until he posted bond on 7 June 2005, the date he was turned over to the Coast Guard.

During the providence inquiry, the military judge explained the meaning of apprehension and further indicated that one's return to military control had to be involuntary to satisfy the "terminated by apprehension" requirement. (R. at 103.) This explanation generated discussion regarding just when Appellant actually returned to military control. Neither trial counsel nor civilian defense counsel was sure if Appellant's return to military control was voluntary or

involuntary. Because of this confusion, trial counsel requested a brief recess to further discuss the matter with Appellant's counsel. Following the recess, trial counsel, relying upon Manual for Courts-Martial, Pt. IV, ¶ 10.c.(10)(e), United States (2005 ed.), indicated that he and civilian defense counsel agreed that Appellant returned to military control on 11 May 2005. (R. at 108.) The Charge Sheet was, thus, amended to reflect a termination date of 11 May 2005. While one may question under the facts of this case whether the Honolulu authorities made Appellant available to the Coast Guard on 11 May 2005, that question was rendered moot when trial and civilian defense counsel agreed on that date. *See United States v. Dubry*, 12 M.J. 36 (C.M.A. 1981). Although the Charge Sheet was amended to reflect an earlier termination date, no action was taken to eliminate the words "he was apprehended" from the specification under Charge IV.

As noted above, the Government concedes that Appellant's unauthorized absence was not terminated by apprehension. In *United States v. Franchino*, 48 M.J. 875, 877 (C.G.Ct.Crim.App. 1998) (internal citations omitted), this Court held "that 'apprehension' by civilian authorities does not establish 'apprehension' within the meaning of the military law of unauthorized absence, unless additional facts are established. Where termination by apprehension is alleged, in addition to apprehension by civilian authorities it must be shown that the accused was not the source of the information that he was a military absentee, or, if he was the source, that he revealed the information to avoid civilian prosecution. This is an essential part of the element of termination by apprehension." Here, the evidence clearly shows that while Appellant informed the HPD of his absentee status, there is nothing to indicate that he did so to avoid civilian prosecution. While this statement did elicit further inquiry from the military judge, nothing in Appellant's responses indicated that he was trying to avoid civilian prosecution. We set aside that portion of the specification indicating that Appellant's unauthorized absence was terminated by apprehension.[1]

Having set aside the finding that Appellant's unauthorized absence was terminated by apprehension, we now reassess the sentence. We are to affirm only so much of the sentence as we believe the trial judge would have adjudged absent the error addressed above. If that cannot be done with precision, we must order a rehearing on sentence. *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

---

[1] In *United States v. Northern,* 42 M.J. 638 (N.M.Ct.Crim.App. 1995), our sister court reached the opposite conclusion under a nearly identical fact situation. We, however, elect to follow *Franchino*.

Considering the record as a whole, we find that the military judge would have assessed the same sentence. Appellant remains convicted of thirteen specifications of use, distribution, or introduction of various controlled substances, including distribution of marijuana, ecstasy, methamphetamine, and LSD to his fellow Coast Guardsmen. In addition, he was found guilty of four specifications of larceny, one specification of attempted larceny, two specifications of forgery, and one specification of missing movement. His plea to an unauthorized absence terminated by apprehension pales in comparison.

One other issue deserves mention. The military judge, after announcing a finding of guilty to the specification under Charge V, failed to announce a finding as to Charge V. This was error, but it was harmless; necessarily he found Appellant guilty of Charge V. Rule for Courts-Martial 918(a)(2), Manual for Courts-Martial, United States (2005 ed.) Discussion; *United States v. Giermek*, 3 M.J. 1013, 1014 (C.G.C.M.R. 1977) ("The failure of the court to enter a finding as to each charge is harmless error in view of the entry of findings as to the single specification under each charge."). Nevertheless, we urge military judges to ensure announcement of findings of all charges and specifications before the court.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. With the exception that follows, we conclude that the findings are correct in law and fact, and we affirm them. In the specification under Charge IV, we set aside the finding of guilty of the words "he was apprehended" but otherwise affirm a finding of guilty to the lesser included offense of unauthorized absence. With that amendment, the findings of guilty and the sentence, as approved and partially suspended below, are affirmed.

Chief Judge MCCLELLAND and Judge FELICETTI concur.



For the Court,


Jane R. Lim
Clerk of the Court