UNITED STATES

v.

**Sergeant Norman L. HOOD, FR 540–66–0469 United States Air Force.**

**ACM 23773.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 2 Nov. 1982.

Decided 22 June 1983.

---

\* Pencilled figures on the findings worksheet contained the numbers "6–0" and "5–1" as to the

two litigated specifications.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Kathleen G. O'Reilly.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Brenda J. Hollis.

Before KASTL, RAICHLE and SNYDER, Appellate Military Judges.

## DECISION

SNYDER, Judge:

Pursuant to his pleas, the accused was convicted by a military judge sitting as a general court-martial of the use and transfer of amphetamines and marihuana on divers occasions during a three month period, in violation of Articles 92 and 134, U.C.M.J., 10 U.S.C. §§ 892, 937. The approved sentence extends to a bad conduct discharge, confinement at hard labor for eight months, forfeiture of $300.00 per month for eight months and reduction to airman basic.

The accused has submitted two assignments of error for our consideration. Find-

ing no error prejudicial to the substantive rights of the accused, we affirm.

## I

In his first assignment of error, the accused avers that the military judge erred in admitting a letter of reprimand (LOR) during the sentencing portion of trial. The reprimand was issued to the accused for writing the wife of Sergeant H, a witness against the accused, alleging that Sergeant H had committed adultery and contracted a venereal disease.

The charges were preferred and investigated on 14 September 1982. However, the letter, which is postmarked 28 August 1982, did not come to the attention of authorities at the accused's base until mid or late September. The LOR was issued on 5 October 1982, while the charges and the investigation were pending the convening authority's decision on whether to refer them to trial. In his response to the reprimand and before us, the accused denies authorship of the letter to Mrs. H.

He asserts three grounds as the basis for attacking the admissibility of the LOR: (1) the reprimand was not properly in his Unfavorable Information File (UIF) because there was insufficient proof that he authored the letter; (2) it was impermissibly given as a punitive measure rather than as a corrective or management tool; and (3) even if properly in the UIF, it was inadmissible because it was issued in contemplation of trial.

 As to the first claimed basis, the accused sought at trial to reassert that he had no connection with the letter to Mrs. H., and that there was no evidence connecting him with the letter in question. We agree with the ruling of the military judge that such argument constitutes an impermissible collateral attack on the LOR. The defense may not litigate at trial the underlying dereliction for which the reprimand was issued, for it is a collateral issue. *See generally United States v. Cranemore,* 17 C.M.R. 749 (A.F.B.R.1954).

██ An accused may mitigate or explain a LOR or similar document during sentencing, M.C.M., 1969 (Rev.), para. 75*c;* however, contesting the merits of whether the LOR was properly issued is not a matter in extenuation or mitigation and is not allowable.

The accused submitted a denial in rebuttal to the LOR, and we must infer that his commander considered it in determining to allow the LOR to stand and entering it into the accused's UIF. The military judge properly disallowed the attempt to collaterally attack the LOR.

 The second basis of the accused's contention relies on *United States v. Boles,* 11 M.J. 195 (C.M.A.1981), and *United States v. Dodds,* 11 M.J. 520 (A.F.C.M.R.1981). Specifically, he argues that the LOR was inadmissible because it was punitive in nature. We disagree and feel it necessary to clarify this area.

"Punitive," as used in Air Force Regulation 35–32, Unfavorable Information Files, Control Rosters, Administrative Reprimands and Admonitions, is a term of art. It refers to those reprimands or admonitions issued as punishment under Article 15, U.C.M.J., 10 U.S.C. § 815 (nonjudicial punishment) or as part of the sentence of a court-martial. MCM, para. 128*c.* It does not refer to the act of a reprimand being issued to reprove an individual. If so, any situation involving a command decision to dispose of an infraction administratively, rather than judicially or by Article 15, would be viewed as a punitive act. Conversely, neither does it mean that a commander may not properly dispose of an infraction which may violate the U.C.M.J. *via* an administrative reprimand. Imposing such a rule would improperly restrict the discretion vested in commanders and would constitute an overly expansive reading of the applicable precedents.

The proper view of this area is this: anytime a commander determines that an infraction of discipline or act of misconduct merits an official reprimand which will, or

will not, be placed in the UIF,[1] the offender is not only put on notice of the impropriety of the conduct in question, but also that future misconduct probably will be dealt with more severely. Such action is part of the command function; for, as MCM, para. 128c provides, commanders are expected to use reprimands and admonitions to further the efficiency of their commands.

As we held in *United States v. Hagy*, 12 M.J. 739 (A.F.C.M.R.1981), the use of reprimands and admonitions, etc., in lieu of trial by court-martial or nonjudicial punishment, inherently constitutes a corrective or management function. Additionally, the UIF is properly a part of this function; for, it is a tool by which a commander may monitor improvement or retrogression. It may be used as input in deciding the appropriate form of disciplinary action for future infractions, or in deciding to effect a member's early separation, *i.e.,* administrative discharge.[2]

The final basis submitted in support of this assignment of error is that the reprimand was issued in contemplation of trial. This contention relies on *United States v. Boles*, 11 M.J. 195 (C.M.A.1981). The accused's suggested application of *Boles* would result in a mechanical rule; specifically, any disciplinary action issued after preferral of charges but prior to sentence should be viewed as an improper attempt to influence the court. We do not read *Boles* as requiring such a result.

Two factors were crucial in the Court's decision in *Boles*. First, the Government conceded that it was the commander's intent to attempt to influence the court-martial's sentence. Secondly, the subject matter of the reprimand was still pending disposition in a local civilian court at the time the reprimand was issued. Neither of those factors is present in the case *sub judice.* The matter having been brought to her attention, the accused's commander determined the information to merit the issuing of the LOR and placing it in the accused's UIF. That decision was properly within her command authority.

■ As we held in *United States v. Hagy, supra,* once it is determined that a LOR was properly in the UIF, the fact that it was expeditiously processed into the UIF in time for a pending trial does not render it inadmissible.[3]

## II

The other assignment of error is that the convening authority improperly delegated his power to designate the place of confinement.

To more efficiently manage space at the confinement facilities located at Lowry Air Force Base, Colorado and Fort Riley, Kansas, the following language was contained in a message sent from the Office of the Director, United States Air Force Judiciary:

> However, the rise and fall of available space in these two referenced facilities has required AFOSP[4] to provide for the Commander, 3320th, to designate places of confinement ... on a space-by-space basis, depending on current prisoner load.

1. Proper entry into the UIF would be a condition precedent to admissibility in a trial by court-martial. MCM, para. 75b.

2. Unfortunately, in *United States v. Hagy,* 12 M.J. 739 (A.F.C.M.R.1981), it appears that we did not draw a clear line of demarcation between our analysis of *United States v. Boles,* 11 M.J. 195 (C.M.A.1981) and *United States v. Dodds,* 11 M.J. 520 (A.F.C.M.R.1981), and our specific disposition of the issue then before us. This conclusion appears supported by headnotes 1 and 2 of *Hagy.* Accordingly, we have elected to explain *Hagy's* holding on the nature of reprimands and admonitions, above. Moreover, *Hagy* should not be read to hold that a member may not be reprimanded for a "civilian offense." Initially, an act need not constitute a criminal offense to be the proper subject of a reprimand or admonition, for a noncriminal act may also be detrimental to discipline and efficiency. Additionally, a "civilian offense," using the term loosely, could be committed under service discrediting circumstances, thereby rendering a reprimand appropriate.

3. The Government's Motion for leave to file an affidavit and supplemental reply on this issue is hereby DENIED. *United States v. Johnson,* 15 M.J. 676 (A.F.C.M.R.1983); *United States v. Castleman,* 10 M.J. 750 (A.F.C.M.R.1981).

4. Air Force Office of Security Police.

This cannot be done consistently before the action is prepared. As a result, there is little correlation between the place of confinement designated and the actual location of the prisoner.

To avoid this, until further notice it is recommended that, ... action on prisoners who would normally go to one of those two facilities designate: "A confinement facility to be designated by the Commander, 3320th Correction and Rehabilitation Squadron." [5]

When forwarding a record of trial pursuant to Article 65(a), (b), the convening authority must provide for the temporary custody or confinement of the accused. M.C.M. para. 89c(6). With reference to confinement, Air Force Manual 111-1, Military Justice Guide, para. 7-19, dated 2 July 1973, provides that the area or place of confinement is governed by Air Force Regulation 125-18, Air Force Corrections and Detention Facilities, dated 1 February 1980.

AFR 125-18, para. 5-9b, provides that when a prisoner has less than one year remaining on the sentence, and the 3320th Corrections and Rehabilitation Squadron (CRS) has not been designated as the place of confinement, the prisoner will be confined at either the confinement facility at Lowry Air Force Base or at Fort Riley.

■ The convening authority's action in the case *sub judice* used the language reflected in the message quoted above. Consequently, the accused contends that the referenced language constituted an improp-

5. HQ USAF/JAJR Message 171335Z Dec 82.

er delegation of one of the convening authority's responsibilities. M.C.M. para. 84a.

Assuming, *arguendo,* that using the referenced language was an improper method for transferring an accused to the temporary custody of another command pending appellate review, we find that the accused has suffered no prejudice. Applicable regulations require that convicted airmen with sentences such as the accused's be confined at one of two facilities. The form of the convening authority's action did not place him in a more onerous position than he reasonably could have expected. Accordingly, no relief is required.

Appropriate authorities should consider using the temporary custody portion of Form 41, M.C.M. p. A14-5, to accomplish the desired goal. *See generally Reed v. Ohman,* 19 U.S.C.M.A. 110, 41 C.M.R. 110 (1969).

Finding no error prejudicial to the substantive rights of the accused, the findings of guilty and the sentence are

AFFIRMED.

KASTL, Senior Judge, and RAICHLE, Judge, concur.