**UNITED STATES**

v.

**Technical Sergeant Cleveland WILLIAMS, Fr 437–80–0143, United States Air Force.**

**ACM 26949.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 10 May 1988.

Decided 22 Sept. 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi, Lieutenant Colonel Richard F. O'Hair, Major Lynne H. Wetzell and Lieutenant Colonel Francis T. Lacey, USAFR.

Appellate Counsel for the United States: Colonel Joe R. Lamport and Lieutenant Colonel Robert E. Giovagnoni.

Before HODGSON, FORAY and HOLTE Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

R.C.M. 1001(b)(2) allows the prosecution to present, during the sentencing phase of the trial, personnel records of the accused that reflect his past military efficiency, conduct, performance and history. Letters of reprimand fall within this category.

The events supporting the appellant's claim that the trial judge erred in admitting a Letter of Reprimand given him on 4 May 1988, for using cocaine on 9 March 1988, are not disputed. The appellant was scheduled to be tried by general court-martial on 6 May 1988, for a single allegation of cocaine use occurring in October 1987. Two days before the trial was to begin, 4 May, the appellant's commander gave him a Letter of Reprimand for cocaine abuse and placed it in his Unfavorable Information File (UIF). *See* Air Force Regulation 35–32(C3), *Unfavorable Information Files, Control Rosters, Administrative Reprimands and Admonitions,* (Jan 1988).

On the day before the trial, the military judge, over defense objection, granted the prosecution a delay until 10 May "to give the government time to initiate a UIF entry concerning an additional positive urinalysis of the accused."

The appellant's commander testified that his purpose in giving the Letter of Reprimand was that "[he] wanted the Court to know that the [appellant's] use of cocaine was more than once." He further stated he believed the appellant was a cocaine addict and he wanted it "brought to everyone's attention."

An administrative reprimand is a management tool which is corrective and rehabilitative in nature. Para. 20b, AFR 35–32, *supra.* We find no fault with a reprimand having such a purpose being initiated after charges are preferred and

prior to trial, if the reason for the action is to dissuade the individual from continuing to engage in such conduct. *United States v. Beaver*, 26 M.J. 991 (A.F.C.M.R.1988); *United States v. Hagy*, 12 M.J. 739 (A.F.C.M.R.1981). But, we made it clear in *United States v. Hill*, 13 M.J. 948 (A.F.C.M.R. 1982), that letters of reprimand must perform a legitimate "corrective" or "management tool" purpose to justify their admission in evidence. Under the facts of this case we find no such purpose evident. The appellant's commander made it clear that the rationale for his action was to insure that the sentencing body, here the trial judge, knew the appellant was an habitual drug user. Further, we hold the trial judge abused his discretion in granting a trial delay so the prosecution could process the letter of reprimand and enter it in the appellant's UIF. We will cure this error by reassessing the sentence.

Having done so, we find appropriate only so much thereof as provides for a bad conduct discharge, four months confinement, and reduction to airman basic. The findings of guilty and the sentence, as modified, are

AFFIRMED.

Senior Judge FORAY and Judge HOLTE concur.