**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Airman Basic JOSEPH G. S. DAILEY**
**United States Air Force**

**ACM S32245**

**4 March 2015**

Sentence adjudged 2 May 2014 by SPCM convened at Holloman Air Force Base, New Mexico. Military Judge: Bradley A. Cleveland (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 3 months, forfeiture of $1,021.00 pay per month for 3 months, and a reprimand.

Appellate Counsel for the Appellant: Captain Melissa Biedermann.

Appellate Counsel for the United States: Major Jason M. Kellhofer and Gerald R. Bruce, Esquire.

Before

MITCHELL, WEBER, and CONTOVEROS
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under Air Force Rule of Practice and Procedure 18.4.

WEBER, Judge:

The appellant providently pled guilty at a special court-martial to two specifications of wrongfully using marijuana, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The military judge sentenced the appellant to a bad-conduct discharge, confinement for 4 months, forfeiture of $1,021 pay per month for 4 months, and a reprimand. Pursuant to a pretrial agreement, the convening authority reduced confinement to 3 months. In an act of clemency, he also reduced the period of forfeitures to 3 months but otherwise approved the sentence as adjudged.

The appellant asserts that the military judge erred in admitting a letter of reprimand in sentencing. He also contends his sentence is inappropriately severe. We disagree on both points and affirm.

*Background*

The appellant provided a urine sample in September 2013 that tested positive for the metabolite for marijuana. The appellant admitted that he had eaten a "special brownie" a friend offered him, and he knew the brownie contained marijuana. This misconduct came just days after additional drug-related misconduct for which the appellant received nonjudicial punishment. In December 2013, the appellant provided another urine sample which also tested positive for the marijuana metabolite. The appellant admitted he had consumed a "marijuana gummy" candy offered by a friend. The misconduct to which the appellant pled guilty came in the midst of a series of disciplinary infractions, which the Government documented in adverse actions introduced in sentencing proceedings.

*Letter of Reprimand Admission*

One adverse action admitted at trial was a letter of reprimand (LOR) dated 22 April 2014. The LOR indicates that on 17 April 2014, the appellant was arrested by civilian law enforcement personnel for possession of marijuana and drug paraphernalia. The LOR contained several sentences outlining the items found on the appellant. The appellant was offered an opportunity to respond to the LOR but elected not to, and the appellant's commander closed out the LOR on 30 April 2014. The appellant's court-martial took place two days later.

Trial defense counsel objected to the introduction of the LOR in the Government's sentencing case. The defense generally alleged that the LOR appeared to be carefully drafted to include details of the appellant's arrest, indicating the appellant's commander may have enlisted the legal office's aid in drafting the document to ensure it had the maximum effect at the appellant's court-martial. The defense also generally complained that the document served as a subterfuge to introduce evidence of a conviction that had not yet taken place, thereby violating Rule for Courts-Martial (R.C.M.) 1001(b)(3). The defense did not seek to call the appellant's commander to testify to his motives for issuing the LOR. The military judge overruled the defense objection, finding the LOR was appropriately issued and was properly contained in the appellant's personnel records, making it admissible under R.C.M. 1001(b)(2).

On appeal, the appellant alleges that the document was inadmissible under *United States v. Boles*, 11 M.J. 195, 198–99 (C.M.A. 1981), because it was not issued for proper purposes. He does not re-raise the challenge at trial that the document contained

improper reference to an incomplete conviction under R.C.M. 1001(b)(3), and we find no error with the military judge's ruling in this regard.

We review a military judge's decision to admit sentencing evidence for an abuse of discretion. *United States v. Rhine*, 67 M.J. 646, 651 (A.F. Ct. Crim. App. 2008). "[A] military judge abuses his discretion if his findings of fact are clearly erroneous or his conclusions of law are incorrect." *Id.* (quoting *United States v. Barnett*, 63 M.J. 388, 394 (C.A.A.F. 2006)) (internal quotation marks omitted).

LORs are tools for commanders to "improve, correct, and instruct subordinates who depart from standards of performance, conduct, bearing, and integrity, on or off duty, and whose actions degrade the individual and unit's mission." Air Force Instruction (AFI) 36-2907, *Unfavorable Information File (UIF) Program*, ¶ 3.1 (17 June 2005).[*] We have held, relying on similar regulatory guidance, that an LOR must perform a legitimate corrective or management tool purpose to be admissible, and an LOR must not have been issued merely to aggravate an appellant's punishment. *United States v. Williams*, 27 M.J. 529, 530 (A.F.C.M.R. 1988). Finally, we have also found that the use of reprimands in lieu of trial by court-martial or nonjudicial punishment inherently constitutes a corrective or management function. *United States v. Hood*, 16 M.J. 557, 560 (A.F.C.M.R. 1983).

In *Boles*, the court held a military judge erred by admitting an LOR given to the accused five days before his court-martial based on an off-base, off-duty incident in which the accused had allegedly thrown a Molotov cocktail that set a house and car on fire. *Boles*, 11 M.J. at 196. Noting that LORs are defined by regulation to be "corrective rather than punitive," the court found that the record itself contained the "frank admission of trial counsel that this reprimand was placed in the appellant's UIF 'to aggravate the case' against him." *Id.* at 198. The court also observed that the timing of the LOR's issuance was suspect, coming shortly before the court-martial and well before the matter was resolved by civilian authorities. *Id.* Finally, the court noted "an administrative reprimand for arson by firebombing hardly seems a judicious or effective use of this management tool." *Id.* Therefore, the court concluded that the defense demonstrated the reprimand was issued for the purpose of influencing the accused's court-martial, which did not comport with the regulation for issuing reprimands. *Id.* at 199.

The instant case is easily distinguished from *Boles*, and we find the defense has not demonstrated the LOR was issued in violation of AFI 36-2907. Unlike *Boles*, where the improper purpose behind the reprimand was apparent on the record, here the defense introduced no evidence to indicate the appellant's commander had any improper motive in issuing the LOR. Trial defense counsel did not call the commander to testify as to his

---

[*] Air Force Instruction 36-2907, *Unfavorable Information File (UIF) Program* (17 June 2005), was re-issued in November 2014, but the 17 June 2005 version was the applicable version at the time of the appellant's court-martial. The November 2014 version contains identical language to that quoted here.

motives, instead relying solely on speculation. The appellant's commander issued the reprimand almost immediately after the appellant's misconduct occurred, and therefore can hardly be blamed for the fact the LOR was issued shortly before the court-martial. The well-drafted nature of the LOR causes us no concern that the commander coordinated this LOR with the legal office to achieve a greater effect at trial. Instead, the LOR merely recounts basic information about what police discovered when they stopped the appellant, and even assuming the commander coordinated this LOR with the legal office (a proposition for which the defense provided no evidence), there is nothing necessarily wrong with doing so. Indeed, commanders are normally well-advised to coordinate disciplinary actions with the servicing legal office. In addition, in *Boles*, the reprimand documented misconduct far more severe than that at issue in the court-martial. This caused the court further concern that the reprimand was not issued in accordance with the applicable regulation but instead was intended to put this serious matter before the sentencing authority in a court-martial for relatively low-level misconduct. Here, the misconduct documented in the LOR is similar to that at issue in the court-martial, causing less concern that the LOR was issued merely to introduce aggravating evidence. Therefore, the appellant has not demonstrated that the LOR was issued in violation of the governing instruction, and it was properly admitted as part of his personnel records under R.C.M. 1001(b)(2).

*Sentence Appropriateness*

The appellant asserts his sentence is inappropriately severe, citing his military service record including his deployment to Afghanistan. He notes hardships and dangers he endured during his employment and contends that when his service record is balanced against the minor nature of his misconduct and his plea of guilty, the bad-conduct discharge is not warranted. We disagree.

This court "may affirm only . . . the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C § 866. We review sentence appropriateness de novo, employing "a sweeping congressional mandate" to ensure "a fair and just punishment for every accused." *United States v. Baier*, 60 M.J. 382, 384 (C.A.A.F. 2005) (quoting *United States v. Bauerbach*, 55 M.J. 501, 504 (Army Ct. Crim. App. 2001)) (internal quotation marks omitted). We have discretion to approve only a sentence, or such part of a sentence, that we determine should be approved, even if the sentence is correct. *United States v. Nerad*, 69 M.J. 138, 142 (C.A.A.F. 2010). In conducting this review, we must also be sensitive to considerations of uniformity and even-handedness. *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (citing *United States v. Lacy,* 50 M.J. 286, 287–88 (C.A.A.F. 1999)). Although we are accorded great discretion to "do justice," we may not "grant mercy," which is the purview of the convening authority in the exercise of his or her clemency power. *Nerad*, 69 M.J. at 146

(quoting *United States v. Boone*, 49 M.J. 187, 192 (C.A.A.F. 1998)) (internal quotation marks omitted).

We have reviewed the record of trial, giving individualized consideration to this appellant on the basis of the nature and seriousness of his offenses and his character. We find that the sentence is not inappropriately severe. The appellant demonstrated little to no rehabilitative potential by using marijuana a second time while he was already under investigation for earlier marijuana use. The appellant averred at trial that his deployment affected his mental health, causing him to turn to drug use. However, the military judge appropriately noted that the reprimand language in the appellant's earlier nonjudicial punishment for drug offenses stated that the appellant's drug use began before his deployment. The numerous adverse actions the appellant accumulated in his short military career further demonstrate his lack of rehabilitative potential. The appellant received a just punishment for his crimes, and we find no basis to disturb this sentence.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court