# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

### No. ACM S32364

————————————

### UNITED STATES
*Appellee*

v.

### Rowdy O.A. RASCHKE
Airman Basic (E-1), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 24 March 2017

————————————

*Military Judge:* Joseph S. Imburgia.

*Approved sentence:* Bad-conduct discharge and confinement for 45 days. Sentence adjudged 27 October 2015 by SpCM convened at Malmstrom Air Force Base, Montana.

*For Appellant:* Major Anthony D. Ortiz, USAF.

*For Appellee:* Gerald R. Bruce, Esquire.

Before DREW, J. BROWN, and MINK, *Appellate Military Judges.*

Senior Judge J. BROWN delivered the opinion of the court, in which Chief Judge DREW and Judge MINK joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

J. BROWN, Senior Judge:

At a judge-alone special court-martial, Appellant was convicted, consistent with his plea and in accordance with a pretrial agreement, of divers use of marijuana, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 45

days, hard labor without confinement for 45 days, and to be restricted to the limits of Malmstrom Air Force Base for 45 days. The convening authority approved only a bad-conduct discharge and confinement for 45 days.

On appeal, Appellant asserts that the military judge erred in admitting a letter of reprimand (LOR) in sentencing and that the sentence is inappropriately severe. Finding no error, we affirm the findings and sentence.

## I. BACKGROUND

Appellant smoked marijuana on more than one occasion between 25 April 2015 and 15 June 2015. When pleading guilty, Appellant admitted to rolling the marijuana into rolling papers and then intentionally smoking it at his house at least three separate times during the charged timeframe.

Appellant also received two nonjudicial punishment actions for wrongful marijuana use immediately prior to the charged time frame. In sum, the parties stipulated that Appellant's urine tested positive for a metabolite of marijuana on six occasions between 26 March 2015 and 15 June 2015.

## II. DISCUSSION

### A. Letter of Reprimand Admission

Appellant argues that the military judge erred by admitting an LOR in sentencing asserting that, rather than being issued for rehabilitative purposes, it was offered solely to increase Appellant's sentence at trial. We disagree.

We review a military judge's decision to admit sentencing evidence for an abuse of discretion. *United States v. Rhine*, 67 M.J. 646, 651 (A.F. Ct. Crim. App. 2008). "[A] military judge abuses his discretion if his findings of fact are clearly erroneous or his conclusions of law are incorrect." *Id.* (quoting *United States v. Barnett*, 63 M.J. 388, 394 (C.A.A.F. 2006)) (alteration in original).

Approximately two weeks before trial, Appellant indecently exposed his genitalia to a pizza delivery person, apparently as a joke, and, on that same evening, provided alcohol to someone under the legal drinking age. Several days later, Appellant was placed in pretrial confinement. In addition to the repeated uses of marijuana, this most recent misconduct was an additional basis for the decision to place Appellant in pretrial confinement. He remained in pretrial confinement until trial.

While in pretrial confinement, and six days after the incident, Appellant's commander issued Appellant an LOR for this additional misconduct. On the day prior to trial, Appellant responded to the LOR and admitted to his behavior, taking full responsibility for his actions. Appellant's commander closed out the LOR on the same day he received Appellant's response.

The recently-completed LOR was then offered by the Government at Appellant's trial for the divers wrongful use of marijuana offense. Trial defense counsel objected to the introduction of the LOR in the Government's sentencing case. As appellate defense counsel now alleges, the defense counsel at trial also argued that the LOR was for a punitive rather than rehabilitative purpose. Neither the Government nor the Defense sought to call Appellant's commander to testify to his motives for issuing the LOR.

The military judge overruled the Defense objection, concluding that it did not appear that the LOR was "strictly meant to pile on or serve as a needless aggravation to this court-martial." In so ruling, the military judge reasoned that commanders have the ability to maintain good order and discipline and that a commander has an interest in rehabilitating an offender prior to their separation. The Government did briefly reference this LOR in their sentencing argument after referring to two other LORs and a letter of counseling. They argued that his continued course of misconduct demonstrated Appellant's lack of rehabilitative potential.

LORs are tools "intended to improve, correct, and instruct subordinates who depart from standards of performance, conduct, bearing, and integrity, on or off duty, and whose actions degrade the individual and unit's mission." Air Force Instruction 36-2907, *Unfavorable Information File (UIF) Program*, ¶ 4.1 (26 Nov. 2014). To be admitted into evidence, such documents must perform a legitimate "corrective" (as opposed to a punitive) purpose and be intended as a "management tool" and not as a means to influence the outcome of a court-martial. *United States v. Boles*, 11 M.J. 195, 198–99 (C.M.A. 1981) (LOR not admissible where trial counsel acknowledged the LOR was placed in the appellant's personnel records for the purpose of aggravating his larceny case); *United States v. Williams*, 27 M.J. 529, 530 (A.F.C.M.R. 1988) (LOR not admissible when the appellant's commander testified that his purpose in giving the LOR was to tell the court-martial that the appellant was a habitual drug user); *United States v. Hagy*, 12 M.J. 739, 744 (A.F.C.M.R. 1981) (LOR admissible when the commander intended to it to be "corrective action"). Documents given for a punitive purpose or to influence the sentencing decision of a court-martial or that contain inadmissible material are not "properly maintained" in an individual's military record and are not admissible even if maintained within that record. *Boles*, 11 M.J. at 199; *Williams*, 27 M.J. at 530; *Hagy*, 12 M.J. at 744; *United States v. Brister*, 12 M.J. 44, 45 (C.M.A. 1981); *United States v. Dodds*, 11 M.J. 520, 522 (A.F.C.M.R. 1981).

These cases do not stand for the proposition, however, that military members facing trial by court-martial are exempt from disciplinary action in advance of their trials. Furthermore, the timing of or mere tardiness in docu-

menting a member's misconduct does not automatically render an LOR inadmissible. *United States v. Beaver*, 26 M.J. 991, 993 (A.F.C.M.R. 1988) (LOR prepared six days before trial was admissible); *United States v. Goldsmith*, 29 M.J. 979, 985 (A.F.C.M.R. 1990) (LOR prepared six months after the conduct occurred was admissible); *United States v. Hood*, 16 M.J. 557, 560 (A.F.C.M.R. 1983) (LOR completed after charges were preferred was admissible). A reprimand issued within days of trial can serve a rehabilitative purpose. As such, the focus of this inquiry is on whether a commander employed a disciplinary or management tool with the primary purpose of addressing the misconduct and not in order to influence the court-martial. *See Williams*, 27 M.J. at 529–30 (LOR served after preferral of charges to dissuade the member from engaging in such conduct was a management tool).

The military judge concluded that the LOR was given for a rehabilitative rather than a punitive purpose. The Defense introduced no evidence to demonstrate that Appellant's commander had any improper motive in issuing the LOR. Trial defense counsel did not call the commander to testify as to his motives, instead relying solely on speculation. What was apparent, however, was that Appellant's leadership had previously demonstrated a willingness to utilize counselings, reprimands, and nonjudicial punishments as rehabilitative tools for Appellant. Before this, Appellant had accumulated one written counseling, two letters of reprimand, and two nonjudicial punishment actions. The response to the LOR further reinforced the rehabilitative purpose of the tool. After apologizing and saying he regretted his decisions, Appellant then wrote that he "hope[d] to be a better example in the future." Furthermore, as to the timing of the documentation, Appellant's commander issued the reprimand almost immediately after the Appellant's misconduct occurred. In such a situation, Appellant's commander can hardly be blamed for issuing and completing the LOR shortly before the court-martial.

Though this might be a closer call if it was member sentencing, it was a judge-alone trial and military judges are presumed to know and follow the law. *See United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007) ("Military judges are presumed to know the law and to follow it absent clear evidence to the contrary."). Consequently, we have no concern that the military judge was improperly "influenced" to use the LOR in an inappropriate manner. The Government's fleeting reference to the documentation in their sentencing argument placed it in the appropriate context, along with the other admissible disciplinary paperwork. The Government neither dwelled on this LOR nor suggested that the military judge should punish Appellant for that uncharged misconduct. The focus was instead properly on Appellant's rehabilitative potential.

For these reasons, Appellant has not demonstrated that the LOR was issued for an improper purpose, and, therefore, the military judge did not abuse his discretion in admitting the document as part of Appellant's personnel records under Rule for Courts-Martial 1001(b)(2).

**B. Sentence Severity**

Appellant argues his sentence was inappropriately severe. We disagree.

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[ ], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

In evaluating the sentence in this case of a bad-conduct discharge and 45 days of confinement, we find the approved sentence to be correct in law and fact based on the entire record. Appellant was found guilty pursuant to his plea of repeatedly and wrongfully using marijuana. Despite many opportunities to voluntarily stop using marijuana, Appellant maintained his disregard for the law and his obligations as a military member when he continued his wrongful use of drugs despite the imposition of two nonjudicial punishment actions for that same misconduct.

After reviewing the entire record and giving individualized consideration to "the nature and seriousness of the offense[s] and the character of the offender," we are convinced the sentence is appropriate. *See United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180–81 (C.M.A. 1959)).

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court